DUMAS *vs.* THE STATE OF GEORGIA.

1. An indictment for murder is good, though it omits to charge that deceased was "in the peace of the state," and that defendant was "of sound memory and discretion."
2. Defendant's statement on a former trial is admissible against him.
3. A juror who answers all the statutory questions so as to qualify is *prima facie* competent, and if defendant object afterwards to his competency he must try him and prove him incompetent.
4. A brother of one who contributed money for the arrest of defendant and for the employment of counsel, and aided thus the prosecution, may entertain the jury at night by order of the court, he being jailor, and being in the habit of doing so in all criminal cases; and it appearing by deposition that the jury were under charge of the bailiff all the while, and that the jailor had no communication at all with them, and never had taken any part in the prosecution, the court was right not to set aside the verdict for this cause.

5. The defendant having made no confession of guilt in the case, and only an admission that he was present when the deceased was shot, with protestations of his innocence of any participation in the crime whatever, it was error to charge the jury that "all admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction."

6. A new trial will not be granted on the ground that one of the jury was not impartial, on the deposition of one witness who swore to the statement of the juror against defendant, when the juror denied on oath making the statement, and swore to his perfect impartiality and freedom from any bias.

7. Acknowledgments of his presence by the defendant, without any promise or hope held out to him by the witness, are admissible, though the witness received the defendant from a detective who had held out the promise to him that he would protect him from all danger.

8. There is no error in charging "if after an honest and impartial examination your minds are wavering, unsettled, unsatisfied, that is the doubt of the law, and you should acquit ; if that doubt does not exist, you should convict."

Criminal law. Indictment. Evidence. Jury. Charge of Court. Before Judge SIMMONS. Pike Superior Court. April Term, 1879.

One Childs and Dumas were jointly indicted for murder. They were tried severally. Childs was found guilty, and recommended to the mercy of the court. Dumas was found guilty. He moved for a new trial, on the following, among other grounds :

1. Because the court overruled a demurrer to the indictment based on the ground that there was no allegation that the person killed was in the peace of the state, nor that the defendant was of sound memory and discretion.

2. Because the court allowed a witness for the state to testify, over objection, to the prisoner's statement on a former trial.

3. Because the court held one Maples a competent juror, when it was shown by examining him that he had heard a part of the evidence delivered by one of the witnesses on

a former trial of the case, and that he, with others, had arrested men charged with the same crime, without warrant, and had carried them to Barnesville, where they were released. [The court certified, as to this ground, that the juror answered the statutory questions, and thereby rendered himself competent.]

4. Because, pending the trial, the jury were lodged for the night at the house of one Barrett, whose brother had furnished money and otherwise aided in the prosecution of this case. [Barrett did not keep a public house, but it appears from his affidavit that he was the jailor, and it was the usual custom for juries detained in criminal cases to be lodged at his house; also, that the jury were in charge of a bailiff, and had no communication with him.]

5. Because the court charged that "all admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction. [The defendant admitted his presence at the scene of the crime, but denied all participation in it.]

6. Because counsel for the defendant have learned since his trial that one of the jurors had previously stated that "defendant will be hung, of course. I cannot see how they will do otherwise. It would be a disgrace to Pike county if they did not." [This ground was supported by the affidavit of one person, who stated that he heard the above declaration. The juror made a counter-affidavit, denying any recollection of having made such a statement, and denying positively any bias or prejudice.]

7. Because the court allowed a witness, Fox, to testify that defendant admitted having been present at the scene of the crime, over objection of his counsel. [It appeared that after the homicide, defendant and Childs being suspected, a purse was made up and one Bussey sent in pursuit of them. He came upon defendant in a lower county of the state, and, after a chase, captured him. He demanded defendant's pistol, and the latter denied having one. He

Dumas vs. The State.

told defendant that the ball which killed the deceased had been extracted, and if it did not fit defendant's pistol, it would be to his advantage to produce it; that it might save his life. Defendant then went to where he had left his pistol and gave it up. The next day he was carried to Barnesville and placed in jail, which was under the charge of the marshal. To him defendant admitted having been present at the scene of the homicide. This evidence was objected to on the ground that the influence used by the person who made the arrest was still operating.]

8. Because the court charged as set out in the 8th head-note.

The motion was overruled, and defendant excepted.

F. L. HARALSON; J. J. ROGERS; W. S. WHITAKER, for plaintiff in error.

R. N. ELY, attorney-general; F. D. DISMUKE, solicitor-general; J. A. HUNT, for the state.

JACKSON, Justice.

A carefully prepared syllabus in this case renders it un-necessary to elaborate the points wherein the judgment of the court is approved. Comparison of that syllabus with the facts reported will clearly show the judgment on each point. We find but one error in the entire record, and the trial of this case is another evidence of the clear head and strong sense of the able judge who presided.

The error itself on which the new trial is awarded is such that, except in a case which involved human life, would hardly suffice to justify this court in putting the county to the trouble and expense of another hearing; and if the penalty imposed upon the man who actually and undoubtedly did the shooting had been imposed on his less guilty associate, less guilty in any view of the facts, to-wit: imprisonment for life, for myself I should not have favored a new trial.

38

The defendant did confess his presence, but denied his guilty complicity with the offense. It was therefore error to say that *confessions of guilt* should be closely scanned, and while it was doubtless in the mind of the presiding judge to lighten the effect of the defendant's confession of his presence, yet the jury may have misunderstood him, and probably thought that the judge as good as said he had confessed it; and therefore, and for this reason solely, we grant a new trial.

Judgment reversed.