## LEE v. THE STATE.

1. When one takes property under a fair claim of right, it is not larceny; and where the fact of such claim is in controversy, the bona fides of the claim in the party taking is a material question for determination by the jury; and it is error, where such question is involved, for the court to charge the jury: "If one commits an act which the law makes criminal and he intends to do that act, whatever his conception be as to whether he is doing right or wrong, or committing a crime, he would be guilty of a criminal offense."

2. Where it was shown that a defendant charged with simple larceny used the following language to the purchaser from him of certain hogs alleged to have been stolen: "Well, if Mr. Lynn [the prosecutor] claims them, let him have them, and we will have no trouble about it and I will make them good," it was error to charge thereon the law relating to confessions. Such expressions were in no legal sense confessions of guilt, and the treatment of them as such tended to prejudice the case of the defendant.

Submitted June 7, — Decided August 10, 1897.

Indictment for larceny. Before Judge Sweat. Ware superior court. November term, 1896.

_Leon A. Wilson_, for plaintiff in error.

_John W. Bennett, solicitor-general,_ and _Toomer & Reynolds,_ contra.

LITTLE, J. The defendant was convicted of the offense of simple larceny, and submitted a motion for a new trial on several grounds. We have considered but two of these grounds, they being sufficient to remand the case for a new trial.

Speaking for myself, I find grave error in the charge of the judge in reference to the statement of the accused made at the trial, as set out in the seventh ground of the motion for new trial. I am disposed to regard the words of the statute as practically exhaustive of the law on the subject, when its positive provisions declare that the prisoner shall have the right to make such statement in the case as he may deem proper; it shall not be under oath, and shall have such force only as the jury _may think right to give it;_ that they may believe it in preference to the sworn testimony in the case. These being the words of the statute and their meaning plain, little if any explanation is needed. The jury can lawfully give the statement such force as they may think it entitled to, and an instruction which binds the jury to take and consider it in the light of something else and in connection with something else, is, in my judgment, inconsistent with the statute. However, no ruling is made on this point by the court.

1. As a new trial is awarded, no ruling is made on the general grounds set out in the original motion; and first in order, we reach consideration of the error alleged to have been committed in the fourth ground of the motion. The court, among other things, charged the jury as follows: "In connection with this rule of law, the court charges you, that if one commits an act which the law makes criminal and he intends to do that act, whatever his own conception may be as to whether he is doing right or wrong, or committing a crime, he would be guilty of a criminal offense. The test, therefore, for you to apply in connection with these rules of law is, as to whether this defendant has committed an act in the commission of

which a crime has been committed against the law; and did he intend to do the act; if he did, that would be the intention which is meant by the law as a necessary ingredient in the perpetration of an offense." This instruction is assigned as error. We think it is. Under this charge, the defendant might be found guilty when the evidence showed the physical fact of his taking and carrying away the hogs with the intent to take and carry them away. This is not a proper definition or explanation of the crime of simple larceny. It is wanting in one essential particular; that is, the taking away must be with the intent to steal the same. Hog-stealing is simple larceny (Penal Code, § 162), and simple larceny is the wrongful and fraudulent taking and carrying away of the personal goods of another, with the intent to steal the same. Penal Code, § 155. The intent with which personal goods are wrongfully taken is always a vital question in trials for offenses against the criminal law, other than those resting on negligence, and may be shown in many ways; it may be inferred from the circumstances (*Steadman* v. *State*, 81 *Ga.* 736); ascertained by acts and conduct (*Lawrence* v. *State*, 68 *Ga.* 289); presumed when it is the natural and necessary consequence of the act (*Freeman* v. *State*, 70 *Ga.* 736; *Marshall* v. *State*, 59 *Ga.* 156). See Clark's Criminal Law, 264. But it must *always* exist and appear to the satisfaction of the jury in cases of simple larceny, before a conviction will be authorized; it is a constituent part of a crime. Penal Code, § 31. The charge complained of excluded from the jury the duty of determining the intent with which the hogs were taken, and confined the consideration to whether he intended to do the act, that is, to take away the hogs.

The whole defense rested in this case, as we understand it, on the ground that, if they were the property of the prosecutor, the defendant was honestly mistaken as to the ownership of the hogs. The taking and sale were not denied, but it was urged by the defendant that when they were taken he believed them to be the property of his minor son, which property he had a right to control. We do not, of course, mean to intimate that these or any other facts were proven. We are

dealing with the law of the case only. The defendant had a right to rest his case on this ground if he saw proper; and whether or not the hogs were the property of the son, or whether, if they were in fact the property of the prosecutor, they were taken feloniously, or under a fair and honest claim of right, were questions for the jury; but for them to determine these questions correctly, he was entitled to have the question of his intent at the time of the taking considered by them, because if the animus furandi was wanting, there could have been no larceny. One of the most material considerations respecting the taking and carrying away of goods necessary to constitute larceny is, whether the fact were done animo furandi. 2 Russell on Crimes, 209. The intent being necessary to complete the offense, if a man, under the honest impression that he has a right to the property, take it into his possession, it is not larceny. 1 Wharton's Criminal Law, § 884. To take another's property under a bona fide claim of right is a trespass; but it is not larceny, however unfounded the claim may be in law. *Hall* v. *State,* 34 *Ga.* 208; 8 Gray, 492; 14 Cal. 438, and numerous authorities cited in Clark's Criminal Law, 264, note 85. See also *Newton Mfg. Co.* v. *White,* 63 *Ga.* 697; *Causey* v. *State,* 79 *Ga.* 564.

As we construe the charge excepted to, the intent with which the goods were taken at the time they were taken was excluded by the substitution of the words, "and did he intend to do the act." We feel confident that it was not so intended by the presiding judge below; but as it appears in the record, we deem it to be error, and a reversal of the judgment refusing to grant a new trial must follow.

2. In the progress of the trial, the purchaser of the hogs testified that after they had been claimed by Lynn, he went to see defendant about the hogs, who said, "If Mr. Lynn claims them, let him have them, and we will have no trouble about it and I will make it good." Referring to this evidence, the court charged the jury as follows: "Now the court charges you that it is a question for you to look to and determine from the evidence as it has been submitted to you, as to whether or not there has been, as the court has stated, any confession of

guilt, or of any fact or circumstance tending toward the guilt of this defendant, previously made by him; and if so, was it made under such circumstances, under the rules of law which the court has just given you in charge, as to authorize you to receive it and give it weight in your consideration of this case? If made freely and voluntarily, without the slightest hope of reward or the remotest fear of injury, then you would be authorized to receive and consider any such statement so made, and to give it such weight and place in your investigation of this case as you judge it is entitled to." The words quoted above, to which this part of the charge is referable, do not constitute a confession of guilt. Where the term *confession* is used in criminal law, it is generally restricted to an acknowledgment of guilt. 1 Greenl. Ev. p. 230. The words of themselves are entirely consistent with innocence on the one hand, and yet, with a full understanding of all the facts in the case, the jury might give them a significance which would be material in finally passing on the guilt of the accused. The words spoken were admissible in evidence, because susceptible of being construed in the light of other facts as an admission against his right of ownership in the property he is charged to have stolen, but were not admissible as a confession of guilt. The rules of evidence are in both cases the same. 1 Greenl. Ev. § 170. The words spoken not being a confession of guilt, it was error on the part of the presiding judge to have charged the law of confessions, for the want of evidence on which to base that element of the charge. *Fletcher* v. *State*, 90 *Ga.* 471. Chief Justice Bleckley in that case, as a reason for reversing the judgment on that error alone, says: "What the court said to the jury on the subject was well calculated to prejudice the prisoner, for it might have induced the jury to think that the declarations shown to have been made by him could be treated not only as a part of the material from which an inference of guilt might be drawn, but as a confession of guilt, direct or indirect, made by himself." The same reasons hold good in this case. The jury had a right to and they naturally would infer, from the fact that the court charged them the law relating to confessions of guilt, that they could

construe the words proven to have been spoken by the accused, quoted above, as such a confession. In the case in the 90 *Ga.* supra, the court notes the distinction between admitting the main fact, and admitting some minor or subordinate fact which could be true whether the main fact existed or not, and as establishing such distinction cites the following cases: *Dumas* v. *State*, 63 *Ga.* 600; *Covington* v. *State*, 79 *Ga.* 687; 38 Cal. 151; 49 Cal. 632; 59 Cal. 457; 18 Iowa, 598. For these reasons, we think the court erred in charging the jury as set out in the fifth ground of the motion for new trial.

*Judgment reversed. All the Justices concurring.*