Evans, J.
1. The first; second and fifth grounds of the amended motion assign error on the charge of the court on the subject of conspiracy. Complaint is made that there was no evidence to warrant the charge. A conspiracy may be shown by circumstances, and there was sufficient evidence in the record upon which to base the charge of defendant conspiring with her sons to take the life of her husband. The dissected portions complained of may not have been absolutely accurate, but, taken as a whole, the charges fairly submitted the law of conspiracy. Davis v. State, 114 Ga. 104.
2, 3. Plaintiff in error contends that there was no evidence justifying the charge on the subject of confessions. It appears *298 from the record that on the morning after the killing, while standing near the body, defendant stated: “ Shep is the cause of it. If he had behaved himself he would not be lying there dead. We had to do it to save ourselves.” The judge construed the effect of such statement to fee a confession of guilt. “A confession, in criminal law, is a voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offence charged, and discloses the circumstances of the act and the share and participation he had in it.” Black’s Law Diet. This definition of a confession was adopted and approved by the Court of Appeals of Kentucky in Spicer v. Commonwealth, 51 S. W. 802. “A confession is a person’s admission or declaration of his agency or participation in a crime, and is restricted to admissions of guilt.” 3 Am. & Eng. Enoy. Law,. 439. These definitions of a confession imply an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt. There is a difference between an incriminating statement and a confession of guilt. In the former only one or more facts entering into the criminal act is admitted, while in the latter the entire criminal act is confessed There are a number of cases in our own reports which clearly draw this distinction. Thus, it is said by Chief Justice Bleckley in Fletcher's case: “ There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not.” Fletcher v. State, 90 Ga. 468. To the same effect is Dumas v. State, 63 Ga. 600, and Covington v. State, 79 Ga. 687. :<A confession is rather a fact to be proved by evidence than evidence to prove a fact. It is not so much proof that a particular thing took place as it is a waiver by the party charged of his right to have certain fa'cts alleged against him technically proven.” Wharton on Crim. Ev. (9th ed.) § 623. This conclusion of Mr. Wharton is. in line with the decisions of our own court. The distinction in all of our cases is clearly drawn between the effect of admissions of fact from which the guilt of the accused may be inferred and *299 the admission of guilt itself. Incriminating statements, to be the equivalent of a confession of guilt, must be so comprehensive as to include every act necessary to be proved by the prosecution in order to establish the defendant’s guilt. An admission of the main fact, from which the essential elements of the criminal act may be inferred, amounts to aD admission of the crime itself. If the main fact is admitted with a qualifying exclusion of a necessary ingredient of the crime charged, the crime is not confessed. The qualification is a part of the admission, and both must be considered in interpreting the meaning of the statement. It would be manifestly unfair to hold a person criminally bound by a statement which admits the commission of an act and in the same breath legally justifies or excuses the same. Futch v. State, 90 Ga. 480. A crime consists in something more than the commission of an act. There must be a union of act and intention. One may admit that he took a horse from the stable of another and, at the same time, explain that he purchased the horse from a named person claiming to own the horse, and that there was no criminal intent on his part. If the admission that he took the horse from the stable was without explanation, the intent to steal could be inferred from the act of taking. But when the taking is claimed to have been in good faith and with no intention to commit a crime, and because of a purchase from one whom, in good faith, he believed to be the true owner, the admission made with such qualification can not mean that he was intending to confess his guilt of the crime of horse-stealing. An admission of a fact not in itself involving criminal intent is not a confession/ The term confession is restricted to acknowledgment of guilt, and is not a mere equivalent of words or statements. People v. Parton, 49 Cal. 637; 1 Greenl. Ev., §170; Davis v. State, 114 Ga. 104; Simmons v. State, 116 Ga. 583. Murder'does not consist merely in the killing of a human being; the killing must be done with malice. When the fact of the killing is shown, and the evidence adduced to establish the killing shows neither circumstances of justification nor alleviation, malice may be inferred. Likewise, if the statement of the defendant admits the homicide without explanation, malice may be inferred from such admission. But if at the time of the admission the homicide is justified, such qualification of the admission of the homicide robs it of the vital element of murder. *300 Futch v. State, supra. The statement of the accused amounts to no more than an admission that the deceased was killed by herself and others under such circumstances as made it necessary to save her own life. No other construction could be given to the language used by her. “We had to do it to save ourselves” means, that, though we killed the deceased, it was necessary to do it to save our own lives. If this is a proper interpretation of the language used by her, instead of being a confession of guilt, it was an assertion of innocence; an admission of the homicide, but a claim of complete justification.
, It would be a dangerous practice for judges to charge jurors unskilled in weighing evidence that an admission of an act, with a qualification that the act was justifiable, amounted to a confession of guilt, although proper instructions might be.given as to the effect of such admission. To say to the jury that the defendant has confessed to a crime, when the language relied upon was a protestation of innocence, could have no other but the most harmful effect. A charge upon confessions, where there is no evidence upon which to support such a charge, has been repeatedly held by this court to be error. Suddeth v. State, 112 Ga. 407; Dumas v. State, 63 Ga. 600.
Inasmuch as this defendant will be tri'qd again, we forbear to discuss the effect of the evidence, and reverse the judgment denying a new trial, on the ground that the court erred in charging the jury upon the subject of confessions.

Judgment reversed.

All the Justices concur,, except Lamar and Candler, JJ., who dissent.