8374.   CHISLON *v.* THE STATE.

1. Where on the trial of a criminal case the evidence fails to show a confession of guilt by the accused, it is error to charge the jury on the law of confessions.

2. The assignments of error on other instructions of the court are, so far as insisted upon in the brief of counsel, without merit.
DECIDED MARCH 23, 1917.

Accusation of misdemeanor; from city court of Dublin—Judge Flynt. December 6, 1916.

*W. A. Dampier,* for plaintiff in error.

*S. P. New, solicitor,* contra.

GEORGE, J. 1. The plaintiff in error was tried on an accusation in the city court of Dublin, charging him with the offense of larceny from the person. A verdict of guilty was returned, and his motion for a new trial was overruled. During the trial the judge gave in charge to the jury the sections of the Penal Code relating to confessions of guilt; and this is, assigned as error on the ground that it was not authorized by any evidence in the case. The exception is well taken, and, on the authority of *Thomas* v. *State,* 143 *Ga.* 268 (3), 269 (84 S. E. 587), *Dumas* v. *State,* 63 *Ga.* 601 (5), and *Knight* v. *State,* 114 *Ga.* 48, 51 (39 S. E. 928, 88 Am. St. R. 17), the judgment must be reversed on that account. The court probably treated as a confession of guilt the statement to the prosecutor, made by the accused at the time of his arrest. After his arrest he engaged in conversation with the prosecutor, and asked the prosecutor not to prosecute him. During the conversation he directed this inquiry to the prosecutor: "If I will pay you your money back, will you prosecute me?" In *Thomas* v. *State,* supra, it was said: "A confession of guilt is an acknowledgment in express terms, by a party in a criminal case, of the crime charged, or of facts which of themselves constitute the crime charged." In that case the defendant, who was tried and convicted of the offense of murder, said, while in jail awaiting trial, that they had put her and her brother, Joseph Jackson, and Boizy Watkins in jail, but they had turned her brother loose, and it looked like they ought to turn her loose, that "he knows as much about it as us do, he is into it as much as us, and looks like they ought to turn me loose." Moreover, the codefendant, Boizy Watkins, made, in the presence of the defendant, a direct confession, detailing the part taken in the commission of the homicide by himself, the brother of the defendant, and by the defendant herself. She did not contradict any statement made by the codefendant in her presence, directly implicating her in the commission of the offense. The Supreme Court there ruled that no confession of guilt by the accused had been shown by the evidence, and that it was error to charge on the law of confessions. It is useless to mul-

tiply authority. The proposition made by the accused to pay the prosecutor the amount of money alleged to have been taken from his person on condition that the case against him be dismissed is in no view an acknowledgment in express terms of the crime charged, or of facts which of themselves constitute the crime charged. At most, this statement is an incriminating admission, to be considered along with the other circumstances in the case.

2. The remaining assignments of error upon the charge of the court are without merit. The case does not depend entirely upon circumstantial evidence, and it was therefore not error to fail to charge the rule contained in section 1010 of the Penal Code of 1910, in the absence of a timely written request so to do. If upon another trial of this case the accused desires a charge upon the law of circumstantial evidence, the court should comply with a proper and timely request by giving the law as embraced in that code section. Much of the evidence in the case is purely circumstantial, and for this reason the court should not decline, upon request made, to give in charge the law embraced in that section. Inasmuch as the case is to be retried, we do not discuss the evidence.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*