## 10711.   EASTERLING *v.* THE STATE.

"There being no proof of a plenary confession by the accused, but, at most, evidence only of incriminatory admissions, it was such an error to charge the law relating to confessions as to require a grant of a new trial."

DECIDED NOVEMBER 7, 1919.

Indictment for robbery; from Chatham superior court—Judge Meldrim.   June 9, 1919.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BLOODWORTH, J.   Caroline Coleman and Eva Easterling were on trial charged with robbery.   The State sought to prove that there was a conspiracy between the two women and two men to rob a man named Christopher; that the women had persuaded the victim to carry them in his automobile to a certain point some distance out on one of the suburban roads, and one of them gave a signal to the men, who came up and committed the robbery.   On the trial a witness swore that after the women were arrested, Mrs. Coleman, in the presence of Eva Easterling, freely and voluntarily said, "They (Coleman and Easterling) were out there with this Greek Christopher, and the Greek wanted her to do something, but which she didn't want to do, and she screamed so that the boys could come up and assist her."   The learned judge construed this statement to be a confession of guilt, and charged the jury on confessions.   In doing this we think he erred.   It is possible to place two constructions upon the statement of Mrs. Coleman; the one is that she screamed to bring the boys to protect her against the advances of Christopher, and the other, as the State

insists, is that she screamed as a signal to the young men to rush up and rob the Greek. Accepting the latter theory, the statement does not amount to a confession, but is only at best an incriminatory admission. In *Riley* v. *State*, 1 *Ga. App.* 651, 654 (57 S. E. 1031), this court said: "A confession is a voluntary admission of guilt of a criminal offense. An admission, as applied to criminal cases, is the avowal or acknowledgement of a fact or of circumstances from which guilt may be inferred, and only tending to prove the offense charged, but not amounting to a confession of guilt. There is a broad distinction between mere admissions of inculpatory facts and confessions of guilt. 'When a person only admits certain facts from which the jury may or may not infer guilt, there is no confession.'" See also *Lee* v. *State*, 102 *Ga.* 221, 222, 225, 226 (29 S. E. 264). "'A confession, in criminal law, is a voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act and the share and participation he had in it.' Black's Law Dict. This definition of a confession was adopted and approved by the Court of Appeals of Kentucky in Spicer *v.* Commonwealth, 51 S. W. 802. 'A confession is a person's admission or declaration of his agency or participation in a crime, and is restricted to admissions of guilt.' 3 Am. & Eng. Enc. Law, 439. These definitions of a confession imply an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it cannot be said to be an admission of guilt. There is a difference between an incriminating statement and a confession of guilt. In the former only one or more facts entering into the criminal act is admitted, while in the latter the entire criminal act is confessed. There are a number of cases in our own reports which clearly draw this distinction. Thus it is said by Chief Justice Bleckley in *Fletcher's* case: 'There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not.' *Fletcher* v. *State*, 90 *Ga.* 468 [17 S. E. 100]. To the same effect is *Dumas* v. *State*, 63 *Ga.* 600, and *Covington* v. *State*, 79 *Ga.* 687 [7 S. E.

153]. 'A confession is rather a fact to be proved by evidence than evidence to prove a fact. It is not so much proof that a particular thing took place as it is a waiver by the party charged of his right to have certain facts alleged against him technically proven.' Wharton on Crim. Ev. (9th ed.) § 623. This conclusion of Mr. Wharton is in line with the decisions of our own court. The distinction in all of our cases is clearly drawn between the effect of admissions of fact from which the guilt of the accused may be inferred and the admission of guilt itself. Incriminating statements, to be the equivalent of a confession of guilt, must be so comprehensive as to include every act necessary to be proved by the prosecution in order to establish the defendant's guilt." *Owens* v. *State,* 120 *Ga.* 298 (48 S. E. 21). Applying these rulings to the statement of Mrs. Coleman, it will clearly appear that she made no confession of her guilt, and under no conditions could this be accepted as a confession on the part of Eva Easterling. The court therefore erred in charging the jury upon the subject of confessions. *Owens* v. *State,* supra; *Porter* v. *State,* 11 *Ga. App.* 246 (74 S. E. 1099).

As a new trial is to be had, it will avail nothing to pass upon the other grounds of the motion.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. While the trial judge erred in charging upon the law of confessions, he also in immediate connection therewith, clearly and explicitly instructed the jury as follows: "See if there has been any confession in this case, and if there has not been, you will not consider the charge I have given you in regard to confessions." Furthermore, in my opinion, the evidence fairly demanded the defendant's conviction, and therefore the error in the charge of the court does not require a new trial.