### 13427. BEASLEY *v.* THE STATE.

" There being no proof of a plenary confession by the accused, but. at most, evidence only of incriminatory admissions, it was such an error to charge the law relating to confessions as to require the grant of a new trial. These incriminatory admissions are not conclusive; and proof of inculpatory admissions will not authorize a charge upon the subject of confession."

DECIDED MAY 9, 1922.

Indictment for larceny of automobile; from Fulton superior court — Judge Shurley presiding. January 30, 1922.

*John S. Highsmith, J. L. Anderson, Myer Goldberg,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens,* contra.

BLOODWORTH, J. After quoting from the instructions " on the law of confessions," as given by the judge to the jury, a ground of the motion for a new trial alleges that " it is contended and maintained by the movant that the above charge of the court on the law of confessions was error, for that there was no evidence introduced and submitted to the jury, nor does the record show any evidence which might be legally or properly designated or construed as a confession of guilt, and there was no confession of guilt made by movant, either before the trial or during the progress thereof." The alleged confession was testified to by two officers, one of whom swore that the accused " stated that he had already served a sentence at Bainbridge, Georgia, for this Dort car, and that it was already settled, and I told him that he must be mistaken, because the car was stolen in Atlanta and captured in Tallahassee, Fla., and he couldn't have been tried in Bainbridge, Ga., for that car; and later on, when he saw we were going to take him to the police station anyway, he stated that he might have been mistaken about which car he was sentenced on. He

said they had him messed up with two or three cars in Bainbridge, Georgia, and it might have been one of those other cars he served the sentence on in the place of this Dort. . . I was .talking to him about this very car, Mr. Powell's car that was stolen and recovered in Tallahassee, Florida. That is the car I was talking about, he certainly should have known it." The other officer swore that in this same conversation the accused " told me and Mr. Holley Charley Hurst was the man who stole the car, and he would be able to prove it."

What is a confession? An answer to this question will be found in the opinions in the cases to which reference is hereinafter made. In *Riley* v. *State*, 1 *Ga. App.* 654 (57 S. E. 1032), this court said: " A confession is a voluntary admission of guilt of a criminal offense. An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt. There is a broad distinction between mere admissions of inculpatory facts and confessions of guilt. ' When a person only admits certain facts from which the jury may or may not infer guilt, there is no confession.' " See also *Lee* v. *State*, 102 *Ga.* 221, 222, 225, 226 (29 S. E. 264). In *Owens* v. *State*, 120 *Ga.* 298 (48 S. E. 22), after quoting certain definitions of a confession, the Supreme Court said: " These definitions of a confession imply an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt. There is a difference between an incriminating statement and a confession of guilt. In the former only one or more facts entering into the criminal act is admitted, while in the latter the entire criminal act is confessed." See *Easterling* v. *State* 24 *Ga. App.* 424, 425, 426 (100 S. E. 727), and cases cited. Applying these definitions to the facts of the case under consideration, there was no " plenary confession " made by the accused. In *Porter* v. *State*, 11 *Ga. App.* 246 (74 S. E. 1099), this court held: " There being no proof of a plenary confession by the accused, but, at most, evidence only of incriminatory admissions, it was such an error to charge the law relating to confessions as to require the grant

of a new trial. These incriminatory admissions are not conclusive; and proof of inculpatory admissions will not authorize a charge upon the subject of confessions." Under this ruling it was such an error to charge the law relating to confessions as to require the grant of a new trial.

As a new trial must be granted upon this ground of the motion for a new trial, it is not necessary to pass upon the other allegations of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*