### 15373. McCOY *v.* THE STATE.

BLOODWORTH, J. 1. "There being no proof of a plenary confession by the accused, but, at most, evidence only of incriminatory admissions, it was such an error to charge the law relating to confessions as to require the grant of a new trial. These incriminatory admissions are not conclusive; and proof of inculpatory admissions will not authorize a charge upon the subject of confession. *Owen* v. *State,* 120 *Ga.* 296 (48 S. E. 21) ; *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031), and deci-

sions cited." *Porter* v. *State*, 11 *Ga. App.* 246 (74 S. E. 1099). Under the foregoing ruling the judge erred in charging the law relating to confession. See also *Beasley* v. *State*, 28 *Ga. App.* 564, and cases cited in the opinion (p. 565); *Chislon* v. *State*, 19 *Ga. App.* 608 (1).

2. It is not necessary to pass upon the other grounds of the motion for a new trial, as the issues raised therein are such as are not likely to recur on another trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1924.

Conviction of manslaughter; from Randolph superior court— Judge Yeomans. December 29, 1923.

*Charles W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.