## 21336. SIMS *et al.* v. THE STATE.

DECIDED JUNE 9, 1931.

*T. P. Stephens,* for plaintiff in error.
*E. M. Owen, solicitor-general,* contra.

LUKE, J. Isom Sims and his wife, Vera Sims, were convicted of robbing P. I. Weaver. The only question raised by the record is whether or not the evidence supports the verdict.

P. I. Weaver testified: that, after inviting him to ride with them in an automobile, defendant and his wife carried him to their house and gave him a small drink of whisky, with "chaser," that made him feel queerly; that the three of them then drove out about three and a half miles on the "Thomaston-Woodbury road," and Sims stopped the car and took a drink and insisted that his wife take one; that the entire party got out of the automobile, and that, after Mrs. Sims had borrowed his knife, Sims struck him several times about the head and face with some instrument the nature of which witness did not know, and robbed him of about $17 in money

and a pair of spectacles worth $10; that witness knew perfectly well what was going on, and knew the parties who robbed him, but that the blows administered to him were so severe that he did not know what occurred after the robbery until the following morning after the attack (which occurred at about eight o'clock in the evening), when some one found him lying in a dazed condition where he had been robbed.

It was testified, without contradiction, that Weaver was found severely beaten at about half past four o'clock in the morning at the place where he claimed to have been robbed. Two witnesses for the State testified that they saw no automobile tracks at the place where Weaver was found, and that they saw there only the tracks of two men.

The gist of the defendants' case is that Weaver wanted a drink; that they took him to their house and he took three drinks; that, at his request, they then carried him to a place where he said he "had a date," and left him there in an intoxicated condition; and that they saw no more of him that night, and knew nothing about the alleged robbery.

The testimony of Weaver making out a clear case of robbery as charged, and it being under our law the peculiar province of the jury to solve conflicts in testimony and judge of the weight of evidence, this court is without legal authority to override the jury's conclusion as expressed in their verdict of guilty. Therefore the trial judge did not err in overruling the motion for a new trial containing only the usual general grounds.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*