## 21439. FLETCHER v. THE STATE.

DECIDED JUNE 9, 1931.

*F. Joe Turner Jr.*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

LUKE, J. F. L. Fletcher was convicted of the larceny of "one Ford automobile of the value of $400 and the property of Lynn McKenzie." He excepts to the judgment overruling his motion for a new trial. Special ground 1 of the motion complains that the court erred in charging the jury upon the law of confessions, for the reason that the evidence did not warrant the charge.

It appears from the brief of evidence that the automobile described in the indictment was parked by Lynn McKenzie near the Henry Grady Hotel, in Atlanta, Ga, and that when he returned a short time thereafter to get the car it was gone; and that it was about thirty days before he recovered the stolen automobile. L. H. Satterfield testified: that he was a city detective "detailed on stolen automobiles;" that he recovered said automobile in November, 1930, from a lawyer who represented Fletcher, and who said he had taken it from the defendant for a fee; that this lawyer had a bill of sale to the car from Fletcher, and brought it down to the station house to see if it was a stolen automobile; and that the defendant was being held at the time in Birmingham as a suspect of robbing a bank in that city.

After testifying that he arrested the defendant at the Hampton Hotel on December 17, 1930, F. C. Foster, another city detective, swore: "Fletcher said he didn't own the car now he had turned it over to Baynes. I asked him if he gave Baynes an order for it, and he said he didn't. He didn't tell me where the car was. I knew where it was. He said he had been riding around in town in it for about two weeks. He said he went to Alabama in it, but didn't say where in Alabama. I didn't use any force or any inducement to get him to make the statement to me about the car. He brought up the subject himself and made it freely and voluntarily." T. O. Sturdivant, a lieutenant of the city detective department, testified substantially as did the witness Foster as to the admissions made by the defendant in regard to the automobile. Sturdivant further swore: "He said he had it in a garage, but he would not tell me where, and I had no knowledge where the garage was. . . He said he put the car in a garage. He didn't know whose car it was, and he didn't know it was a stolen car at that time. . . And he went on and asked me some questions, and wanted to know why we couldn't convict him of having it in his possession as good as we could of having stolen it." In his statement to the jury the defendant contended that the automobile in question was loaned to him by one Coggins.

We have set out enough of the testimony to indicate the nature of the case, including that part of it upon which the trial judge must have based his rather lengthy charge upon the law of confessions.

The distinction between confessions and incriminatory admissions has been many times drawn by the courts of this state, but nowhere more clearly than by Judge Russell in *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031). The third headnote of the decision in that case reads: "Proof of an inculpatory admission will not authorize a charge upon the subject of confession. 'There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not.' A confession is a voluntary admission of *guilt;* an admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged and not amounting to a confession of guilt." For an able discussion of the question under consideration, see *Owens* v. *State,* 120 *Ga.* 296 (48 S. E. 21). In that decision it was said: "Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt." The third headnote in the *Owens* case follows: "It is error to charge upon the subject of confessions where there is no evidence upon which to support the charge." See also *Clarke* v. *State,* 165 *Ga.* 326 (140 S. E. 889), where the court quoted at length from the *Owens* case with unqualified approval. Upon the authority of the *Riley* and the *Owens* cases, supra, this court held in *Benford* v. *State,* 38 *Ga. App.* 740 (145 S. E. 474), that "proof of inculpatory admissions will not authorize a charge upon the subject of confession." To the same effect are the decisions in *Beasley* v. *State,* 28 *Ga. App.* 564 (112 S. E. 168), and *Chislon* v. *State,* 19 *Ga. App.* 607 (91 S. E. 893).

There are, of course, a great many cases bearing upon the subject under consideration, but the law is well established, and further citation of authorities is deemed unnecessary. The main differences that have arisen among the judges of the appellate courts of this State have sprung out of the difficulty of applying the law to the facts, and not out of any doubt as to what the law is. In the case at bar we are of the opinion that the admission of the defendant that he was in the possession of the stolen automobile and drove it considerably does not amount to a confession of guilt. We hold that the judgment in this case should be reversed because of the court's charge upon confessions.

In view of the foregoing conclusion, it is unnecessary to pass upon the only other special ground, alleging that the court erred in refusing to grant a mistrial because of alleged prejudicial remarks made by the solicitor in the presence of the jury; and, of course, the general grounds will not be passed upon.

*Judgment reversed.* *Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*