26015. WALKER *v.* THE STATE.

DECIDED MAY 6, 1937.

*G. W. Langford,* for plaintiff in error.

*James F. Kelly, J. Ralph Rosser, solicitors-general,* contra.

MacINTYRE, J. The defendant was convicted of driving an automobile while drunk or under the influence of intoxicating liquors. His motion for new trial was overruled, and he excepted. Immediately after the collision of two automobiles the defendant said: "I was driving the automobile," referring to the one in which he was riding, and "I hit it hard," referring to the other automobile. At the time of the trial, in his statement to the jury, the defendant said: "I was not driving the automobile on the night of the collision between our automobile and Mr. Perry Pettie's automobile. I was drinking that night, and I don't know what I said there at the collision or after I was brought to the jail. The next morning I asked Mr. Cameron, the jailer, what they had me in jail for, and he told me for driving an automobile while intoxicated, and I told him that I was not driving, but that Irvin Manass was driving. I was kinda knocked out by the collision between the automobiles. Edith Franks and I were sitting on the back seat of the automobile at the time of the collision. I am not guilty of driving an automobile while under the influence of intoxicating liquors or anything else. I was not driving the automobile at all. I had not driven the automobile that afternoon." In view of these two statements, did the judge err in charging: "It is for the jury to determine whether such alleged confession was in point of fact made or not; and if the jury believe there was a confession, then in that event the following principles of law would govern the jury in determining the weight of such testimony with reference to such alleged confession," and then in charging the law with reference to confessions?

The defendant contends that there was no evidence to support the charge on the law of confessions. "It is error to charge upon the subject of confessions where there is no evidence upon which to support the charge." *Owens* v. *State,* 120 *Ga.* 296 (3) (48 S. E. 21). "Proof of an inculpatory admission will not authorize a charge upon the subject of confession." *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031); *Fletcher* v. *State,* 43 *Ga. App.* 405, 407 (159 S. E. 126). "If the main fact is admitted with a qualifying exclusion of a necessary ingredient of the crime charged, the crime is not confessed. The qualification is a part of the admission, and

both must be considered in interpreting the meaning of the statement. . . The term confession is restricted to acknowledgment of guilt, and is not a mere equivalent of words or statements." *Owens* v. *State,* supra. "A confession is . . not so much proof that a particular thing took place as it is a waiver by the party charged of his right to have certain facts [constituting all the essential elements of the crime] alleged against him technically proven. Wharton on Crim. Ev. (9 ed.) § 623." *Owens* v. *State,* supra. The facts admitted must include all the essential elements of the crime, in order to be a confession. On the first occasion, at the time of the collision, the defendant's statement was not a confession; for in effect he merely said he was driving the car at the time of the collision. On the second occasion, at the time of the trial, the defendant's statement to the jury as quoted above, considered alone, was not a confession; and if we add the two statements on the two different occasions together and consider them in conjunction with each other, eliminating the qualification made with respect to what was said on each occasion, they are, when thus considered, so qualified that we do not think it inferable that the defendant acknowledged his guilt of the crime of driving an automobile while drunk or under the influence of intoxicating liquors. We are therefore of the opinion that the court erred in charging the jury on the law of confessions.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*