## 32730. OGLESBY *v.* THE STATE.

GARDNER, J. (a) The defendant was convicted on an accusation which reads, omitting the formal parts: "did have in his possession, custody and control a certain quantity, to-wit, seven four-fifths quarts of intoxicating liquor, which said amount was in excess of that permitted by the law of Georgia applicable to Screven County." The defendant filed his motion for a new trial, on the general grounds, and by amendment he added two special grounds. The assignments of error on the general grounds are expressly abandoned.

The evidence substantially shows that a county police officer of Screven County stated that he saw the defendant on February 28, 1948, at a small store on the Savannah Road about six miles from Sylvania, in Screven County. The defendant operated the store and a filling station there. The officer had a search warrant for this place. The officer arrived at the defendant's place and found the defendant on the outside of the building, talking to a woman sitting in a car in front of the store. The officer informed the defendant of the search warrant, whereupon the defendant invited the officer inside. Upon entering, the officer found behind the counter, inside the store, seven four-fifths quarts of bonded liquor with unbroken seals on each bottle. The officer seized the liquor and delivered it to the sheriff of the county. The officer had visited the place on several occasions before the defendant began operating it. This was the first time that he had been there since the defendant began operating it. The officer had been seeing Mr. Oglesby there operating the place and it was common knowledge that he operated it. The officer had been informed at different times that the defendant was operating the place and "my informer told me that was where he [the defendant] was operating at." The officers did not know who the woman was with whom the defendant was talking on the outside. The officer asked the defendant if that was his place of business and the defendant replied that it was. The defendant made a statement to the officer freely and voluntarily,

to the effect that he owned the place where the liquor was found. He stated to the officer: "That the whisky had only been in his place of business a short while, had just been put there a little while before I [the officer] arrived, and that it was in his place of business." The officer did not warn the defendant that the confession had to be made freely and voluntarily. The officer asked him a few questions and he answered them. The defendant, during the conversation had by the officer with him, did not say who the liquor belonged to, but said "That it had just been brought there." There was no further evidence for the State.

The defendant made the following statement: "Gentlemen, this Friday afternoon there was a bunch of us boys down there. A fellow who was going to Augusta had stopped by and had a soft drink there, and I asked him what about bringing me a bottle of whisky back with him from Augusta, and these other boys then said: 'What about bringing us one also?' He said 'all right.' I asked him when he started to leave what time he would be back and he said 'about four or five o'clock tomorrow afternoon.' So we all gave him our money to bring us back the whisky. The next day around three or three-thirty he stopped by and left the whisky. I said to him: 'You are back a little early, are you not' and he said he didn't have any trouble getting his brick leaded at the kiln. He said 'what do you want me to do with it,' and I said 'sit it down there, the boys will be here and pick it up in a little while.' A few minutes after he left Mr. Crews and Mr. Oglesby [evidently some other Oglesby than the defendant] came up. Mr. Oglesby went around by the side of the place and Mr. Crews went in the place. Mr. Crews went right straight on back where the whisky was sitting and said, 'this is a mighty heap of whisky for you to have,' and I said, 'yes, a fellow just brought it in for me and some of the other boys.' Mr. Crews then showed me the warrant. When he said he had a warrant I told him it would be all right, that I didn't mind his entering. He then told me to come on in to town later and give bond. So when I came down there, there was little misunderstanding, and I left Screven County, and when I came back to my Daddy's funeral they picked me up. The whisky that was found at this place was not Seagram's, it was Shenley's Whisky. While I was there, after my Daddy was buried, my uncle was coming from Baxley, and while coming here had a wreck and killed himself, and so I stayed on here. My mother didn't look like she was going to stand it, so I stayed on here and they picked me up." The defendant introduced no evidence.

(b) Special ground 1 assigns error on the following excerpt from the charge of the court: "I charge you further, in this connection, that the charge here is that the defendant did have in his possession and control the alleged quantity of intoxicating liquor, and that the question of title or who the alleged intoxicants might have belonged to does not have anything to do with this case." It is the contention that (1) this charge was erroneous because it was an expression or intimation on the part of the court as to the guilt of the accused; and (2) was an expression of the court's opinion as to what or what had not been proved; and (3) it was an intimation to the jury to disregard the

defendant's statement, since the defendant in his statement contended that 'the liquor belonged to himself and others. The whole charge of the court on this subject is as follows: "I charge you that under the laws of Georgia, it is a violation of the law of the State of Georgia for any person to have in his possession, custody or control any quantity of intoxicating liquor in excess of one quart. I charge you that the law applies to Screven County, Georgia. I charge you further in this connection that the charge here is that the defendant did have in his possession and control the alleged quantity of intoxicating liquor and that the question of title or who the alleged intoxicants might have belonged to does not have anything to do with this case."

It must be kept in mind that all who participate in misdemeanors are principals. *Evans* v. *State,* 68 *Ga. App.* 118 (22 S. E. 2d, 323). See also *Hendrix* v. *State,* 5 *Ga. App.* 819 (63 S. E. 939). Under the facts of this case the charge as a whole does not show any reversible error. It would indeed be difficult to enforce this law if one in the circumstances of the defendant as shown by the evidence, could load up his store with liquor in a dry county and then escape the penalty of the statute by contending that he was possessing it, one bottle for himself and the other for companions, whether it be four, as here, or any larger number of persons. The defendant was in exclusive possession of this store, so far as the evidence shows. It was only from the defendant's statement that there was any indication that anyone else was interested in the liquor. The jury were not bound to believe his statement The question of title was not an issue. Possession was the only issue, and we think the court properly charged that the title to the liquor was not an issue, under the facts of this case. There is no merit in this contention.

(c) In special ground 2 error is assigned because the court charged the principle of law on confession. It is contended that the evidence does not show that the defendant made any confession to the officer who searched his place of business, but it was only an admission. Let us examine the record as to this. The officer testified that the defendant stated that the store in question was his place of business; that the seven bottles of liquor found therein had been put there shortly before; that the defendant made no other statement to the officer concerning the liquor. This is a plenary confession, to our way of thinking. What are the elements which go to make up this crime for which the defendant was convicted? They are: (1) That the defendant had in his possession, control and custody more than one quart of liquor of the type described in the accusation; (2) that it was in a dry county. The State proved these essential elements beyond peradventure. The defendant's confession included these elements. Counsel for the defendant cites many authorities relative to his contention to the contrary. We will cite, but not discuss, the authorities cited because their facts distinguish them from the instant case. They are: *Johnson* v. *State,* 204 *Ga.* 528 (50 S. E. 2d, 334), quoting from *Owens* v. *State,* 120 *Ga.* 296 (48 S. E. 21); *Chislon* v. *State,* 19 *Ga. App.* 607 (91 S. E. 893); *Richardson* v. *State,* 47 *Ga. App.* 138 (169 S. E. 770); *Walker* v. *State,* 55 *Ga. App.* 741 (191 S. E. 275); *Lee* v. *State,* 102 *Ga.* 221 (2) (29 S. E. 264); *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100).

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided November 23, 1949.

*W. C. Hawkins,* for plaintiff in error.
*C. L. Hilton, Solicitor,* contra.