32837.   LEE *v.* THE STATE.

Decided February 24, 1950.

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff in error.
*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, B. B. Zellars, William Hall,* contra.

Townsend, J.   (After stating the foregoing facts.)   ■   One of the two grounds of certiorari insisted upon by the defendant is that the written statement of the defendant which was introduced in evidence, being only an incriminatory admission, does not amount to a confession, and that it was error for the trial court to give in charge the law as it relates to confessions of guilt.

The State introduced in evidence the signed statement dictated by the defendant to the investigating officers, the material portions of which are as follows:   "On or about June, 1948, I received a phone call from a person whom I know as Bill Hawkins

C. M. (*sic*) of about 27, who lives at 981 Ashby Grove. He wanted me to go with him to see a patient that he said was sick and having trouble. I told him that I could not go that night but that I could probably go the next night. The next night he got a car and picked me up at the corner of Ashby and Mitchell Streets. In the car with him was a chauffeur and two white men in the back seat; he then drove to a house over on West End Avenue, the address I do not know. When we got there some-one let us in. He went into the bedroom in the rear of the house and one of the ladies (the younger one) got on the bed. I then examined her and took a vaginal spectlum [speculum] and opened the vagina. I then took a swab, cotton, on a wood applicator, and inserted it just into the opening of the womb and removed the mucus that was protruding out. The lady then told me that it was not painful at all. The instruments which I performed this operation were furnished me by Bill Hawkins. All of this time there were no names mentioned and I did not mention mine. While this procedure was going on, I was told that I would receive $60 for the operation, however I later found that Bishop Crockett and Bill Hawkins were to receive $120 for the operation. About a month later, Bill Hawkins gave me $45. Since that time I have not seen or had these people return to me for anything."

An examination of the written statement in question discloses that it is not so comprehensive as to include every act necessary to be proved by the prosecutor in order to establish the defendant's guilt, as, for instance, the statement fails to show for what purpose the operation was performed. It fails to show that the person upon whom the operation was performed was in fact pregnant, or that the defendant had been so informed. It fails to show upon whom the operation was performed. In order for the evidence to support a verdict of guilty, all these facts must be shown. An incriminating statement, to be the equivalent of a confession of guilt, must be so comprehensive as to include every act necessary to establish the defendant's guilt, and where the statement amounts only to an incriminatory admission, it is error for the trial judge to give in charge the law as it relates to confessions of guilt. *Owens v. State*, 120 *Ga.* 296 (supra).

In considering whether an incriminating admission is a plenary confession authorizing a charge on the law of confessions, the question is not whether the admission together with other evidence in the case would authorize a verdict of guilty, but whether, standing alone, the statement, without the aid of inferences, is sufficient to include every essential element necessary to establish the crime charged in the accusation. See *Johnson* v. *State,* 204 *Ga.* 528, 529 (50 S. E. 2d, 334). Applying these principles to the written statement of the defendant in this case, it is clear that it does not meet the foregoing requirements, and it was error for the judge to charge the law as it relates to confessions of guilt.

■ The remaining ground of the certiorari insisted upon is that the evidence pointing to the guilt of the accused is purely circumstantial, and that the trial court erred in his failure to give in charge the law as it relates to circumstantial evidence when thus relied upon by the State for conviction. The evidence as disclosed by the record here was purely circumstantial. Under such circumstances it is error for the court to fail to charge, even without a written request, the rule applicable to the sufficiency of such evidence to authorize a conviction. See *Boyd* v. *State,* 201 *Ga.* 853 (41 S. E. 2d, 309). The trial court therefore erred in failing to charge on this subject.

■ The remaining grounds of the certiorari are not argued in the brief of counsel for the defendant, and are therefore treated as abandoned.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*