### 38597. SCOGGINS v. THE STATE.

TOWNSEND, Presiding Judge. 1. "An incriminating statement, to be the equivalent of a confession of guilt, must be so comprehensive as to include every act necessary to be proved by the prosecution in order to establish the defendant's guilt, and where the statement amounts only to an incriminatory admission, it is error for the trial judge to give in charge the law as it relates to confessions of guilt. *Owens v. State,* 120 Ga. 296 (48 S. E. 21)." *Lee v. State,* 81 Ga. App. 63 (57 S. E. 2d 710). See also *Pressley v. State,* 201 Ga. 267, 270 (39 S. E. 2d 478).

2. On a charge of aiding, abetting and procuring one Lurenda Brown to administer to Sarah Lee, a pregnant woman, certain drugs and use certain instruments, which were in fact used and administered by Lurenda Brown upon her person, with the intent to produce a miscarriage and abortion, a police officer testified: "Mr. Scoggins told us in October—about a month before then Josephine Clingerman had come by his place several times and talked to him, and once or twice on one or two of the occasions said that pregnancy was brought up, and he stated that she told him that if she was pregnant she would go to see a doctor down in Vidalia, and he said,

'Well, no need of doing that,' says, 'I know a negro that will perform an abortion by the name of Bay'; so he said that one time after then that Josephine Clingerman and Sarah Lee met him at the Big Apple parking lot out on Houston Avenue one night and that Sarah got out of the car with Josephine and got in the car with him, and talked to him about it, and also told him that—said Josephine had given him a check to give to this negro; . . . and that he went and picked up this Bay, who is Lurenda Brown, at her home on Dent Street, and drove as far as Anthony Road when he gave her a hundred dollars; made him think that both of them were pregnant—her and Sarah both—and he carried Lurenda over to the home on Houston Avenue, Bowden Homes [where Josephine Clingerman lived] where he let Bay out."

Statements from which an inference of guilt is authorized, but which require an inference to reach this conclusion, are not confessions, which must be plenary statements of guilt. *Johnson v. State,* 204 Ga. 528, 531 (50 S. E. 2d 334). Assuming, without deciding, that the defendant's statement to the officer amounts to a confession that he procured the midwife to perform an abortion on Josephine Clingerman, nothing therein amounts to a statement of intention on the part of the defendant to procure the woman to perform an abortion on Sarah Lee, the woman named in the indictment. The statement, unaided by either inference or other testimony in the case, shows only that Josephine Clingerman gave the defendant money to give the midwife, and that he took her with him, paid her this money, and left her at Josephine Clingerman's house, after telling the Clingerman woman that the midwife would perform an abortion. The statement does show that the defendant told the Clingerman woman he knew a negro who would perform an abortion; that he received the money from the Clingerman woman and took the midwife to Clingerman's house, and that he also knew Sarah Lee was pregnant, but it does not, standing alone, amount to a full confession that he procured the woman to perform an abortion on Sarah Lee. It was accordingly error for the trial court, in the absence of request on behalf of the defendant, to charge the law of confessions. *Webber v. State,* 70 Ga. App. 95 (4) (27 S. E. 411); *Hobbs v. State,* 206 Ga. 94 (1) (55 S. E. 2d 610); *McCloud v. State,* 166 Ga. 436 (143 S. E. 558); *Reed*

*v. State,* 15 Ga. App. 435 (2) (83 S. E. 674); *Easterling v. State,* 24 Ga. App. 424 (100 S. E. 727); *Phillips v. State,* 27 Ga. App. 1 (2) (107 S. E. 343); *Beasley v. State,* 28 Ga. App. 564 (112 S. E. 168); *Fletcher v. State,* 43 Ga. App. 405 (159 S. E. 126); *Johnson v. State,* 204 Ga. 528 (50 S. E. 2d 334); *Thomas v. State,* 143 Ga. 268 (3) (84 S. E. 587); *Chislon v. State,* 19 Ga. App. 607 (1) (91 S. E. 893).

The trial court erred in overruling the motion for a new trial on special grounds 1, 4, 10 and 11.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 17, 1961.

*E. B. Gostin, Frank G. Wilson,* for plaintiff in error. *Clarence H. Clay, Jr.,* Solicitor, *Harry F. Thompson,* Assistant Solicitor, contra.