## CLEVELAND *v.* THE STATE.

1. No evidence appears in the record upon which a charge on the subject of confessions could properly have been based.
2. The evidence clearly showing the lack of a criminal intent on the part of the defendant, all the testimony going to show that the goods alleged to have been stolen were taken under a fair claim of ownership, the verdict finding him guilty should have been set aside on motion for new trial.

Submitted October 22, — Decided November 7, 1901.

Accusation of larceny. Before Judge Proffitt. City court of Elberton. August term, 1901,

*Samuel L. Olive*, for plaintiff in error.
*Thomas J. Brown, solicitor*, contra.

LEWIS, J. The evidence showed that the defendant, Judge Cleveland, went to the express office in the city of Elberton and asked the agent in charge if there was a jug of whisky there for him. The agent asked if he was expecting any express, and the defendant replied that he was not, but that he had been informed that there was a jug of whisky there for him. The agent then said that he had a jug of whisky for J. A. Cleveland, and the defendant answered that that was his name. The agent then delivered the whisky to the defendant, taking his receipt therefor. The defendant took the jug of whisky and carried it openly through the streets to his home. This was about ten o'clock in the morning, and there was no attempt at concealment on the part of the defendant, who took the jug of whisky to his home through the most public street in the city. It developed that the whisky was intended for another man with the same initials and name as the defendant. The defendant was then arrested, and the greater part of the whisky recovered and turned over to the man for whom it was intended.

1. The court gave in charge to the jury the law relating to confessions. The charge was correct in the abstract, but was wholly inapplicable to the case at bar. The evidence on which it was

doubtless based was that of a witness who testified as follows: "I saw defendant soon after he was arrested, and he told me he had not ordered any whisky and that nobody had promised to send him any. He said a negro told him there was a jug of whisky for him at the express office, and he went and called for it and got it." This evidence, far from being ground for a charge on the subject of confessions, tended rather to corroborate the statement of the accused and to support his contention that he called for the whisky in good faith. As was said by Bleckley, C. J., in the case of *Fletcher* v. *State*, 90 *Ga.* 471, "There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not." The charge as to confessions was not warranted by the evidence, and was therefore erroneous.

2. The evidence, in its every detail, negatived the idea of an intention to steal on the part of the accused. The entire transaction was aboveboard, and the express-agent was plainly told that the defendant had neither ordered nor been promised any whisky, and that he did not know who the sender was. Nothing is more natural than that one should call for a package which he is told awaits him at an express office, and the fact that the person so calling has neither ordered nor been promised any package is not inconsistent with entire good faith and honesty of purpose. See *Hall* v. *State*, 34 *Ga.* 208; *Newton Mfg. Co.* v. *White*, 63 *Ga.* 697 (3); *Causey* v. *State*, 79 *Ga.* 564; *Lee* v. *State*, 102 *Ga.* 224. We conclude, therefore, that, under the evidence submitted on the trial in the court below, the accused was entitled to a verdict of acquittal.

*Judgment reversed.    All the Justices concurring.*