## THOMAS *v.* THE STATE.

1. In a prosecution of a wife for the murder of her husband, testimony that a codefendant told the witness that the deceased suspected his wife of illicit relations with the codefendant is inadmissible.
2. Where two are jointly accused of murder, and the tracks of two persons are shown as leading from a road to the place where the body of the deceased was found, evidence tending to identify the tracks as having been made by both defendants is admissible on the separate trial of one of them.
3. Where the evidence fails to show a confession of guilt by the accused, it is error to charge on the law of confessions.
4. In so far as the requests to charge were pertinent and legal, they were covered by the general charge.

MARCH 9, 1915.

Indictment for murder. Before Judge George. Lee superior court. January 6, 1915.

*J. B. Hoyl,* for plaintiff in error. *Warren Grice, attorney-general, J. R. Williams, solicitor-general,* and *A. L. Henson,* contra.

EVANS, P. J. The plaintiff in error was jointly indicted with Boizy Watkins and Joseph Jackson, for the murder of Edmond Thomas, the husband of the plaintiff in error. The defendants severed on the trial, and the plaintiff in error was convicted and recommended to life imprisonment. The court refused to grant her a new trial, and she excepted.

1. A witness was allowed to testify that Boizy Watkins, a co-defendant, told the witness that the deceased did not want him to have his cooking done at his house, because of suspected illicit relations with the plaintiff in error. Such testimony is hearsay and inadmissible. *Collins* v. *State,* 88 *Ga.* 347 (14 S. E. 474).

2. The State introduced testimony that the tracks of two persons led from the road to the place where the body of the deceased had been placed, and that such tracks corresponded in all particulars with the tracks made by the plaintiff in error and her codefendant, Boizy Watkins, and in the opinion of the witnesses the tracks were made by those parties. In connection with this evidence the State was permitted to offer in evidence the shoes of the codefendant, Boizy Watkins, over the objection that the evidence was insufficient to show a conspiracy between the plaintiff in error and her codefendant. We think evidence tending to establish the identity of the tracks of the two defendants as those of the persons who carried the body of the deceased for purposes of concealment

was admissible as part of the res gestæ of the transaction, and as bearing on the question of conspiracy and joint participation in the commission of the homicide.

3. Complaint is made that the court instructed the jury on the law of confessions of guilt. There was no admission by the plaintiff in error of any participation in or knowledge of the homicide at the time of its commission. There was testimony of a witness that the plaintiff in error had, upon inquiry as to the cause of her incarceration in jail, said they had put her and her brother, Joseph Jackson, and Boizy Watkins in jail, but they had turned her brother loose, and it looked like they ought to turn her loose, that "he knows as much about it as us do, he is into it as much as us, and looks like they ought to turn me loose." The same witness testified that later on he had a conversation with Boizy Watkins, who was confined in jail with him, and that the plaintiff in error also was in the jail, and could have heard and did hear the conversation between him and Boizy Watkins, in which conversation Boizy Watkins said that the brother of the plaintiff in error hit the deceased with an ax, and he hit him with a stick, and the plaintiff in error smothered him, and they took him in a buggy to a place down the road, dragged him across the road, and that her brother dropped some money and struck a match and lit some splinters to find the money. The money was found, but they could not turn around, and they went further down the road and came back after they had carried off the body of the deceased. The witness said that the plaintiff in error never admitted any participation in the homicide, or knowledge of the circumstances under which it was committed. This testimony did not authorize an instruction on the subject of confessions. The conversation relating to the plaintiff in error's statement that her brother, who had been discharged, was as much into it as she and the other codefendant, may be considered an incriminating admission, but is insufficient to authorize a charge on the subject of confessions. *Dumas* v. *State,* 63 *Ga.* 600; *Knight* v. *State,* 114 *Ga.* 48, 51 (39 S. E. 928, 88 Am. St. R. 17). The court most probably treated the statement of Boizy Watkins, implicating the plaintiff in error, as an implied confession of guilt, because it was made in her presence and under circumstances calling for a denial, which was not made. A confession of guilt is an acknowledgment in express terms, by a party in a criminal case, of the

crime charged, or of facts which of themselves constitute the crime charged. The statute declares that "Acquiescence, or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Penal Code (1910), § 1029. The ground of admission of the statement of a third person in the presence of the accused is that the omission to controvert the statement affords a basis for an inference of its truth. Such statement is admissible in evidence, to show that it calls for a reply, and to show the acquiescence of the accused. Says Mr. Wharton: "Where such accusations are admitted in evidence, the court should instruct the jury that such accusations or statements are limited as evidence to the purpose of showing that the accused acquiesced in them, but they are not evidence of the facts stated." 2 Wharton's Crim. Ev. § 679. The failure to controvert the accusation is not an affirmative act on the part of the accused expressive of her guilt of the crime charged. Its evidentiary value is that of an incriminating admission to be considered along with the other circumstances in inferring the guilt of the accused.

4. In so far as the requests to charge were pertinent and legal, they were covered by the general charge. The testimony against the accused was circumstantial; and inasmuch as the case is sent back because the evidence did not authorize an instruction on the law of confessions, we forbear a discussion of it.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*