BENJAMIN *v.* THE STATE.

HILL, J. 1. Even if the statements attributed to the defendant were of such character as to amount to a confession, the failure of the court to charge the law of confessions, in the absence of an appropriate and timely request, is not cause for the grant of a new trial. *Patterson* v. *State,* 124 *Ga.* 408 (2) (52 S. E. 534); *Roberson* v. *State,* 135 *Ga.* 654 (70 S. E. 175).

2. Under the evidence neither voluntary manslaughter nor justifiable homicide is involved in this case; and consequently a failure to charge the law on those subjects was not error.

3. Even if statements alleged to have been made by the deceased, and testified to by a witness on the commitment trial, amounted to dying declarations, such testimony, when offered in evidence for the purpose of the impeachment of such witness, did not authorize a charge on dying declarations.

4. "The failure to charge upon the subject of impeachment of witnesses is not cause for the grant of a new trial, in the absence of appropriate, timely, written request to instruct in reference thereto." *Dean* v. *State,* 139 *Ga.* 591 (77 S. E. 874); *Perdue* v. *State,* 135 *Ga.* 278 (69 S. E. 184). Where, on the conclusion of the charge of the court to the jury, the court was orally asked by defendant's counsel " to charge the rule of impeachment in this case," and the court did charge generally on the subject of impeachment of witnesses by contradictory statements, it was not error, as contended (there being no specific request in writing to charge), for the court to fail " to call the attention of the jury to the fact of the false statement before the grand jury (which was by said witnesses acknowledged to have been under oath and knowingly false), and to instruct the jury that if they found that said wit-

nesses or either of them had knowingly, wilfully, absolutely, and falsely sworn in a matter material to the issue in question, during the examination before the grand jury, while under oath duly and lawfully administered, that the evidence of the witnesses so swearing should be rejected, provided the jury found such false testimony was not the result of fears, either well-founded or groundless."

5. The other assignments of error are without merit.

6. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1532.   MARCH 10, 1920.          .

Indictment for murder. Before Judge Highsmith. Camden superior court. June 6, 1919.

*Cowart & Vocelle* and *E. H. Williams,* for plaintiff in error.

*Clifford Walker, attorney-general, Alvin V. Sellers, solicitor-general,* and *M. C. Bennet,* contra.