GREEN, *alias* PETERSON, *v.* THE STATE.

ATKINSON, J.  1.  Where evidence of a confession is introduced on the trial
  of a defendant indicted for murder, the mere failure to instruct the
  jury as to the law of confessions, in the absence of an appropriate re-
  quest, is no cause for the grant of a new trial.  *Roberson* v. *State,* 135
  *Ga.* 654 (70 S. E. 175) ; *Benjamin* v. *State,* 150 *Ga.* 78 (102 S. E. 427) ;
  *Harris* v. *State,* 152 *Ga.* 193 (6) (108 S. E. 777).

2. Where evidence of alibi is urged as a defense on the trial of a defendant indicted for murder, it is not error to charge: "In this connection, I charge you further, that if you should find that the State has submitted proof to the jury sufficient to establish beyond a reasonable doubt that the defendant is guilty of any offense embraced within the allegations of the indictment, then and not until then would the burden be upon the defendant to verify his alleged alibi, and verify it to the reasonable satisfaction of the jury; but I instruct you that the defendant need not establish his alibi beyond a reasonable doubt. It is sufficient if he establishes it to the reasonable satisfaction of the jury, and it is sufficient if the evidence of alibi, when considered in connection with all the other evidence introduced in the trial of the case, in connection with the defendant's statement, raises a reasonable doubt in the minds of the jury as to whether the defendant be guilty or not. Whenever the proof of alibi meets this test, it is the duty of the jury to acquit." *Cochran* v. *State*, 113 *Ga.* 726 (39 S. E. 332). See also *Dedge* v. *State*, 153 *Ga.* 176 (111 S. E. 547).

(a) The use of the word "alleged," referring to alibi as embodied in the charge, was not calculated to disparage the defense as urged by the defendant.

3. The following instruction given by the judge to the jury: "If you are not satisfied of the defendant's guilt of murder under the rules of law given you in charge, but you should be satisfied beyond a reasonable doubt of his guilt of the offense of voluntary manslaughter, it would be your duty to convict the defendant of that offense," when considered in connection with the charge in its entirety, was not erroneous on the grounds that (a) "it directed the jury to the rules of law as a guide in their deliberations as to the guilt or innocence of movant, without regard to the facts;" (b) "said statement is an expression of opinion, to wit, that the court would measure his guilt by law, and not by the evidence;" (c) "said statement presupposes that movant was guilty as a matter of law, without regard to the facts, should the jury so find."

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

　　　　　　　　*Judgment affirmed. All the Justices concur.*

　　　　　No. 3046. OCTOBER 11, 1922.

Indictment for murder. Before Judge R. C. Bell. Decatur superior court. January 14, 1922.

*W. V. Custer* and *John E. Drake,* for plaintiff in error.

*George M. Napier, attorney-general, B. C. Gardner, solicitor-general, Seward M. Smith, assistant attorney-general,* and *Billie B. Bush,* contra.