*Ray & Ray,* for plaintiff.  *E. D. Kenyon,* for defendant.

OWENS v. THE STATE.

1. The first and second special grounds of the motion for a new trial complain of the charge of the court on the subject of the necessity for corroborating the evidence of an accomplice. The complaint is that the court did not correctly state the contentions of the accused with

reference to the presence of the witness Burkett at the scene of the homicide. The court said: "The defendant contends that Bob Burkett, if he was present at all, was an accomplice in the killing of Alligood, and that therefore his testimony cannot be considered by the jury to the extent the jury might convict one charged with being present with Burkett, unless Burkett's evidence is corroborated. I charge you that is the law — that an accomplice is one who takes part with another in the commission of crime knowingly and is an accomplice with the other person and is equally responsible." The charge is not error for any reason assigned. It differs from the charge held to be error in *Smiley* v. *State*, 156 *Ga.* 60 (118 S. E. 715), headnote 7, where the court stated that "the defendant in this case contends that one of these witnesses, to wit, Bob Burkett, is shown by the evidence to be an accomplice in this case with this defendant in the offense charged in this indictment."

2. The fourth ground complains that the court erred in instructing the jury on the law of confessions, when there was no evidence of a confession; and furthermore, that the court erred in stating to the jury that, while there was no evidence that this defendant ever expressly confessed anything, there was evidence of certain statements made in the presence of the accused by a named witness connecting him with the crime, and that when these statements were made the accused did not deny them, and that this evidence was in the nature of a confession. This ground of the motion shows error requiring the grant of a new trial.

3. The remaining grounds of the motion do not show error. Some of them show slight verbal inaccuracies in charges, which will be corrected by the trial judge on the next trial. Since a new trial is granted we will express no opinion upon the evidence.

No. 3971.  NOVEMBER 24, 1923.

Murder. Before Judge Mathews. Bibb superior court. August 23, 1923.

*Early W. Butler* and *Clyde A. Allen,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, asst. atty.-gen.,* contra.

GILBERT, J. Only the second headnote requires elaboration. In the fourth special ground of the motion error is assigned on the following charge: "Now I charge you, with reference to some other evidence in this case, upon the law of confessions. There is no evidence here that this defendant ever expressly confessed anything, but there is evidence here that certain statements were made in his presence by Rosa Lee Davis tending to connect him with the crime, and that when these statements were made he did. not deny these statements. It is contended in the case that amounted to a tacit admission, to an acquiescence in the truth of her statement, and therefore is in the nature of a confession. I charge you that all admissions should be scanned with care, and confessions of·

guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify conviction. Now, whether or not standing silent when one says something in his presence, whether that amounts to an admission, depends entirely upon whether or not the circumstances called for a denial. Under what circumstances were these statements made in the presence of this defendant? You look to that from the evidence. Was it a natural thing for this defendant to have made a denial at the time and place that the evidence indicates that Rosa Lee Davis made a statement in his presence, tending to implicate him. If the circumstances were such as naturally called for a denial, why the jury might consider that in the nature of an admission, but all that must be scanned with great care and received with great caution. It would not be an admission unless the circumstances under which the statement was made in the defendant's presence seemed imperatively to have called for a denial; or was it a natural thing for him, under the circumstances, to have merely remained silent without denying or admitting the truth of her statement? If it was the natural thing, the thing that might be expected under the circumstances, for him to have remained silent at the time and place where the statement was made, and he did not deny it, and it was unnatural for him to deny it, why you would not consider that at all in the nature of an admission by acquiescence." The criticisms are numerous, but in substance they amount to a complaint that the court instructed the jury upon the law of confessions when there was no evidence of a confession of guilt by the accused; that the charge amounted to an expression of opinion "that there was evidence that certain statements were made in his presence by Rosa Lee Davis tending to connect him with the crime, and that when these statements were made he did not deny them."

We think the charge was erroneous for both of these reasons. There was no evidence of a confession of guilt on the part of the accused; and it has been repeatedly ruled by this court that it is error to give in charge to the jury the law of confessions where there is no evidence which would authorize the jury to find that the accused had confessed. *Owens* v. *State,* 120 *Ga.* 296 (2) (48 S. E. 21); *Thomas* v. *State,* 143 *Ga.* 268, 269 (84 S. E. 587). It was also error for the court to state, as pointed out in the motion, that "there is no evidence here that this defendant ever expressly con-

fessed anything, but there is evidence here that certain statements were made in his presence by Rosa Lee Davis tending to connect him with the crime, and that when these statements were made he did not deny these statements." Penal Code, § 1058. This was an expression of opinion, and we think it was especially harmful in this case, because the only evidence upon which the instructions could have been based was the following portion of the evidence of Deputy Sheriff Byrd: " I was at the jail when Rosa Lee Davis saw the defendant the first time, and all four of the defendants were brought in here. Bob Rogers was with me, and we put her in the room adjoining the office and brought these four men in and stood them in front of her, and she pointed out the defendant as the man as doing the shooting, and she pointed out Jack Smiley as the man that hit the conductor over the head with the coca-cola bottle." It will be observed from this evidence that Rosa Lee Davis was under arrest and in jail when the defendant and three others were brought into her presence, and " she pointed out the defendant as the man as doing the shooting, and she pointed out Jack Smiley as the man that hit the conductor over the head with the coca-cola bottle." There is no other evidence in regard to this incident, either in the direct or cross-examination of this or any other witness. In her testimony Rosa Lee Davis did testify that she saw the accused and others incarcerated in jail, and recognized the defendant. It does not appear whether the accused remained silent or whether he admitted the truth of the statement or denied it. There is simply nothing said in the evidence as to what he did. In these circumstances it cannot be assumed in the first place that he remained silent and, upon that assumption, base the further assumption that his silence was an admission of guilt. For all of these reasons the erroneous instructions require the grant of a new trial. *Thomas* v. *State*, supra.

Judgment reversed. All the Justices concur.

HINES, J. concurring. I do not think that the trial judge erred in his charge set out in the second division of the opinion, on the ground that he should not have charged the law upon the subject of confessions. It is error to charge upon the subject of confessions where there is no evidence to support the instructions. *Owens* v. *State*, 120 *Ga.* 296 (supra) ; *Thomas* v. *State*, 143 *Ga.* 268 (supra). In the *Owens* case the statement of the defendant

was, " We had to do it to save ourselves," and this court held that it was error for the trial judge to treat this statement as a confession of guilt by charging the law applicable to confessions.   In the *Thomas* case the State did not prove any admission of guilt by the defendant, but only an inculpatory statement from which guilt might be inferred.   In that case the accused, " upon inquiry as to the cause of her incarceration in jail, said they had put her and her brother, Joseph Jackson, and Baisy Watkins in jail, but they had turned her brother loose, that he knew as much about it as us do, he is into it as much as us, and looks like they ought to turn me loose."   Here there was only an incriminating admission, and this court said that it might " be considered an incriminating admission, but is insufficient to authorize a charge on the subject of confessions."   In the *Owens* case this court approved this definition of a confession : " A confession is a person's admission or declaration of his agency or participation in a crime, and is restricted to admissions of guilt."   In that case Mr. Justice Evans said :   " The distinction in all of our cases is clearly drawn between the effect of admissions of fact from which the guilt of the accused may be inferred, and the admission of guilt itself.   Incriminating statements, to be the equivalent of confessions of guilt, must be so comprehensive as to include every act necessary to be proved by the prosecution in order to establish the defendant's guilt.   An admission of the main fact, from which the essential elements of the criminal act may be inferred, amounts an an admission of the crime itself."   In the *Owens* case the statement of the defendant was, " we had to do it to save ourselves;" and this court held that it was error for the trial court to treat this statement as a confession of guilt, by charging the law applicable to confessions.   In other words, an exculpatory statement is not the equivalent of a confession of guilt, and it is error for the court to so treat it in his charge on confessions.   In *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840), this court said : " Statements made by a defendant charged with murder, that he did the killing charged because of certain facts which, if true, furnished no legal excuse or justification therefor, amount to a confession."

The true law is this : if the accused makes an incriminating statement, from which guilt may be inferred, or if he makes an inculpatory statement with an exculpatory explanation, it is error

to charge the law of confessions; but if he confesses his guilt, or admits expressly or impliedly the crime, or the main facts from which guilt can be inferred, then it is not error to charge the law applicable to confessions. This witness pointed out the defendant to the officer, and stated that he was the man who shot the deceased. The defendant remained silent. From this the jury was authorized to find an admission of guilt by the defendant; and the court was authorized to charge the law applicable to the weight to be given to confessions. Besides, the court did not merely charge the law of confessions and leave the matter there. He distinctly told the jury that there was no evidence that the defendant expressly confessed anything; but the judge stated to the jury that there was evidence that certain statements were made in the presence of the defendant by Rosa Lee Davis tending to connect him with the crime, and that when these statements were made he did not deny them. The court further instructed the jury that it was contended in the case that his failure to deny these statements " amounted to a tacit admission, to an acquiescence in the truth of the statement, and were therefore in the nature of a confession." He then gave to the jury the law applicable to the weight to be given to admissions and confessions, and the necessity for the corroboration of a confession. He then instructed the jury that whether the silence of the defendant amounted to an admission depended entirely upon whether or not the circumstances called for a denial; and that if the circumstances did not call for a denial, the jury could not consider the statements in the nature of an admission or acquiescence. Taking this instruction as a whole, the court did not treat the silence of the defendant as a confession. He treated his silence, if the jury found that he ought to have made denial of these statements, as an admission by acquiescence. The jury could not have been impressed by this instruction with the idea that the defendant had confessed his guilt, unless they found that his silence amounted to an admission of guilt by acquiescence.

But the language in this instruction that " there is evidence here that certain statements were made in his presence by Rosa Lee Davis tending to connect him with the crime," is such intimation of opinion as violates our " dumb act." The connection of the defendant with the crime was the real issue in the case. The judge

told the jury there was evidence of statements tending to connect him with the crime. In *Stephens* v. *State,* 118 *Ga.* 762 (45 S. E. 619), this court held that " it is error for a trial judge to express or intimate to the jury his opinion as to what has been proved. Where, therefore, a judge in the trial of a criminal case tells the jury that the evidence tends to prove a mutual combat between the parties, such charge is a violation of this section." On this ground I think this instruction was erroneous, and I concur in the grant of a new trial.