BROWN *v.* THE STATE.

A. M. Zellner, J. M. Fletcher, and W. B. Freeman, for plaintiff in error.

George M. Napier, attorney-general, Frank B. Willingham, solicitor-general, and T. R. Gress, assistant attorney-general, contra.

ATKINSON, J.   Wash Brown was placed on trial for the murder of Jesse McCowan by shooting him with a pistol.   The jury returned a verdict of guilty, but did not recommend the defendant to the mercy of the court.   A motion for new trial was overruled, and the movant excepted.

"Justifiable homicide is the killing of a human being . . in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either." Penal Code (1910), § 70. "A bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing.   It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge." § 71. "If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." § 73.   In Warrick v. State, 125 Ga. 133 (7) (53 S. E. 1027), it was held: "In a proper case, on a trial of one indicted for murder, sections 70, 71, and 73 of the Penal Code may all be given in charge; but instructions as to the separate branches of the law of justifiable homicide should not be so given as to confuse the different defenses which may arise under those sections." In the opinion it was said: "In the present case the court charged sections 70, 71, and 73 of the Penal Code in immediate sequence. He did then add that an apparent necessity, acted upon bona fide, is the same as a real necessity, and gave some instances in which

this might be true. But we can not feel sure that a jury might not have been confused by the context in which they were given. In view of the entire charge on this subject, perhaps a new trial would not have been required by this ground alone. In a proper case all of these sections may be given in charge, but this should be done so as not to confuse the jury or make them all applicable to the same theory or state of facts."

In *Franklin* v. *State*, 146 *Ga.* 40 (90 S. E. 480), the court announced the same doctrine as expressed in the above-quoted syllabus, but the judgment of the trial court was reversed because, in charging section 73, the judge did not give the jury appropriate instructions as to the cases in which the provisions of that section were applicable, "so as to prevent confusion in their minds of the provisions of section 73 and those of section 71," It was said in the opinion: "The judge charged the jury § 70 of the Penal Code, which defines the expression 'justifiable homicide,' and followed this with the charge upon the subject of voluntary manslaughter. He then charged the provisions of § 71 of the Penal Code in the language of that section, and in immediate connection with this charged the jury that 'There is another section of the code that I charge you as a matter of defense, which you will consider separately and distinct to the ones heretofore defined to you; because if not so considered it will certainly lead you to error.' With this preface the court charged in the language of the statute § 73 of the Penal Code. There was no explanation of the facts and circumstances under which § 73 is applicable, and the omission to instruct the jury as to the facts and circumstances under which the last-mentioned section is applicable was such an error as requires the grant of a new trial. . . It is true that the judge told the jury that the provisions of § 73 were to be kept distinct from the provisions of sections 70 and 71, but that is not sufficient. How could a layman be expected to keep the provisions of § 73 and of the other sections referred to distinct, without instructions as to the case in which the principles of section 73 are applicable? In the case of *Pryer* v. *State*, 128 *Ga.* 28 (57 S. E. 93), it is said: 'We would suggest that it would avoid much confusion if, where it is proper to give in charge section 73 of the Penal Code, the presiding judge would give the jury some instruction as to cases in which it is applicable, instead of simply charging it immediately

after sections 70 and 71, without any explanation.' Section 73 is applicable only in the cases of mutual combat, as has been repeatedly ruled, and the jury ought to be so informed in appropriate instructions; or, at least, the jury should be told in what cases the provisions of section 73 are applicable. Otherwise the inevitable tendency is to confuse that section with the provisions of sections 70 and 71, where all three of the sections are given."

In the case now under consideration the judge charged consecutively the doctrine of justifiable homicide as referred to in the three sections in the order above mentioned. In charging upon §§ 70 and 71 he first read the section and then proceeded to give instructions as to its application to the facts of the case. Immediately after the instructions relating to § 71 he stated the contentions of the defendant's theory of defense under § 73, after which he gave the following preliminary instructions: "I charge you that this section that I now read you is not to be confused with the principles of law which I have just given you in charge with reference to a killing being done by a person acting under the fears of a reasonable man; but that the elements of the defense under the section I will now read you in charge must be construed by the language of that section alone." Immediately following this preliminary instruction the judge proceeded to charge relatively to § 73, as follows: "If a person kill another in his defense, that is where there is mutual combat, or mutual intention to fight, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary, and it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. I charge you that if there was a mutual intention to fight upon the part of McCowan and this defendant, that this defendant would not be justified in having killed McCowan under such circumstances of mutual combat, if you should find that such circumstances existed, unless it was absolutely necessary for him to do so in order to save his own life, and that McCowan, at the time of the killing, was the assailant, and that this defendant had really and in good faith endeavored to decline any further struggle before he fired the fatal shot. If you believe that this defendant, at the time that he shot McCowan, that he and

McCowan both mutually intended to fight over the difference which was between them, to wit, with respect to the support and maintenance of the daughter of McCowan by this defendant, this daughter being his wife, and that it was necessary, absolutely necessary, for him to kill McCowan in order to keep McCowan from killing him, and that he at that time, in good faith, endeavored to decline any further struggle before he fired the fatal shot, then he would not be guilty of murder for having killed McCowan. But if he killed McCowan when it was not absolutely necessary for him to kill McCowan, or he did not act in good faith at the time that he killed McCowan by endeavoring to decline any further struggle with McCowan before he fired the fatal shot, he would be guilty of the crime of murder, and it would be your duty to so find by your verdict."

The first special ground of the motion for new trial complains of the instructions last above quoted, upon the ground that they excluded from consideration of the jury the defenses of the accused under § 70, and confused the defenses of the accused under §§ 73 and 70. The second ground complains of the above-quoted preliminary instructions, on the ground that while the instructions were sufficiently clear to enable the jury to draw the distinctions between the defenses of justification as provided in §§ 73 and 71, they were not sufficient to enable the jury to draw the distinctions between the defenses of justification as provided in §§ 73 and 70, and that the charge "was calculated to mislead the jury in believing that it was necessary for the defendant to desist and decline to fight before the mortal blow was given." When the portions of the charge complained of are considered in connection with their context, they were not erroneous for the reasons assigned. The instructions preliminary to the charge relating to justification under § 73 might have been clarified by making special reference to § 70 by name or to its substance, as was done with reference to § 71. And under the ruling in *Franklin* v. *State*, supra, it would probably have been reversible error to fail to do so, notwithstanding the admonitory language in the preliminary instructions excepted to, "that the elements of the defense under the section I will now read you in charge must be construed by the language of that section alone." But in addition to this admonitory language, the judge having elsewhere charged fully the contentions of the defendant as

to his defenses under §§ 70 and 71 and the law with reference thereto, and having charged the contentions of the defendant as to his theory of justification under § 73 and having correctly given concrete instructions of the law applicable to his defense under that section, it could not be maintained that the jury was misled by the failure of the charge to make specific reference to the distinction between justification under §§ 70 and 73. Sufficient has been said to distinguish the facts of the case from *Franklin* v. *State,* supra, in which the judge did not charge elaborately and concretely upon the theory of defense based on § 73, as was done in this case.

■ The third special ground of the motion for new trial complains of an instruction by the judge on the law of confessions. The criticism upon the charge is, that, while there was evidence introduced tending to show incriminatory statements by the accused, there was no evidence as to a plenary confession, and consequently the charge was not authorized by the evidence. It is unnecessary to determine whether all the testimony relied on by the State to show a confession was sufficient for that purpose. The sheriff as a witness for the State testified that several days after the homicide the defendant was arrested in Atlanta; that witness and Mr. Jackson, a county policeman, went after him; that while they were returning the following occurred: "Mr. Jackson, I think, asked him the question why he killed Jesse. . . To the best of my recollection, the reason that he said he killed Jesse was because Jesse made him marry his daughter about a year or a year and a half before this. He mentioned that at the time to Mr. Jackson, and he said that was the reason. I don't remember anything else that he said to me or Mr. Jackson other than as a justification for having killed Jesse. He didn't say that Jesse was doing anything to him, that I remember. If he said anything happened before that and with reference to any fuss except this matter of making him marry his daughter, I didn't hear it. Of course, I was driving him home, and Mr. Jackson was sitting back there talking with him." Testimony quite similar to this was relied on to support a charge upon the law of confessions in the case of *Jones* v. *State,* 130 *Ga.* 274 (4) (60 S. E. 840). In that case it was held: "Statements made by a defendant charged with murder, that he did the killing charged because of certain facts which, if true, furnished no legal excuse

288

or justification therefor, amount to a confession." See also *Owens* v. *State, 120 Ga.* 296 (48 S. E. 21), and the majority and dissenting opinions in *Lucas* v. *State, 146 Ga.* 315 (9) (91 S. E. 72). The evidence above quoted was sufficient to authorize the charge upon the law of confessions.

■ The ruling announced in the third headnote does not require elaboration. *Judgment affirmed. All the Justices concur.*