PATRICK *v.* THE STATE.

CANDLER, Justice. A grand jury indicted Amos Patrick for murder. The indictment charged that he murdered Dora Mae Dupree in Clarke County, Georgia, on July 24, 1952, by cutting and stabbing her with a knife. On the trial, several eyewitnesses to the homicide testified that the accused came to a beauty shop in Athens where Dora Mae Dupree was working; that without any provocation, he cut and stabbed her some fifty-odd times with a knife, inflicting wounds from which she died immediately; that she was unarmed at the time of the killing, having only a comb in her hand; and that the accused was not cut when he left the beauty shop immediately after the killing. Otis Geter, a witness for the State, on direct-examination testified: "I live at 198 Rockspring Street, Athens, a block from the beauty shop where the cutting took place. I remember the night Dora Mae Dupree was cut. I was at home that night. I heard one scream and I saw Amos Patrick about five or ten minutes after the scream. He came to me at my house and was bleeding, and said, 'I want you to do something for me. I have killed Dora.' Yes, he said he was sorry, and to give him some ice water and I gave him some. Then he came up the front steps, down the hall and down to the hog pen. It was dark down there and I couldn't find him, so I whistled and he came on back, but he gave out before he got back. His wrist was bleeding. Yes, he talked with sense to me. He didn't talk much, he was out of breath. Yes, he came to my house running. I was sitting on my front porch and heard somebody coming down the street. Me and Richard Johnson were sitting out there in the dark, so he came up the steps running." On cross-examination, the witness said: "Yes, he had a bad cut. I didn't know he was bleeding at first until I got to him and I tried to do something for him. He was bleeding all through the house. His arm was cut and everything in the house was bloody where he came back through there. Don't remember which hand was cut. No, sir,

I don't know what happened. I was sitting on my porch when it happened." The witness, on redirect examination, said: "He said he killed Dora, just one time. He was all out of breath." In his statement to the jury, the defendant admitted the killing, but said that he acted in self-defense after the deceased attacked him with a curling iron. He stated to the jury that he drank a half-pint of whisky just before the killing. He was convicted of murder, without any recommendation by the jury, was sentenced to be electrocuted, moved for a new trial on the general grounds, and later amended his motion by adding, as a special ground, that the court erred in charging the jury on the law of confessions. It is his contention that no statement made by him concerning the homicide, with the commission of which he was charged, amounted to a confession of guilt. His amended motion was overruled, and he excepts to this judgment. *Held:*

1. The verdict is amply supported by evidence, and the general grounds of the motion are therefore without merit.

2. A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. Code, § 38-401; *Owens* v. *State,* 120 *Ga.* 296 (2) (48 S. E. 21). It will not suffice where only certain facts are admitted from which the jury may or may not infer guilt. *Covington* v. *State,* 79 *Ga.* 687 (7 S. E. 153); *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100). In this case it is not insisted that the instruction as given to the jury on the subject of confessions was not abstractly correct, and there is manifestly no merit in the contention that it was unauthorized by the evidence. Where the defendant in an extra-judicial statement admits the homicide of which he is accused, but states in connection therewith no facts or circumstances of excuse or justification, or gives reasons for the killing which are insufficient to furnish any legal excuse or justification, the statement amounts to a confession of guilt, and authorizes a charge of the law on that subject. *Jones* v. *State,* 130 *Ga.* 274 (4), 278 (60 S. E. 840); *Webb* v. *State,* 140 *Ga.* 779 (2) (79 S. E. 1126); *Nail* v. *State,* 142 *Ga.* 595 (3) (83 S. E. 226); *Brown* v. *State,* 168 *Ga.* 282 (2), 287 (147 S. E. 519); *Daniel* v. *State,* 187 *Ga.* 411 (4) (1 S. E. 2d, 6); *Coates* v. *State,* 192 *Ga.* 130 (15 S. E. 2d, 240); *Wright* v. *State,* 199 *Ga.* 576 (34 S. E. 2d, 879); *Harris* v. *State,* 207 *Ga.* 287 (1) (61 S. E. 2d, 135). Stated differently, a charge on confessions is proper where the accused freely and voluntarily admits the killing of which he is charged but, in connection therewith, states no facts or circumstances showing justification, alleviation, or excuse therefor; and this is true because the law presumes every killing to be malicious until the contrary appears from facts or circumstances showing justification, alleviation, or excuse. *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934); *Turner* v. *State,* 139 *Ga.* 593 (3) (77 S. E. 828); *O'Pry* v. *State,* 142 *Ga.* 600 (83 S. E. 228); *Mattox* v. *State,* 181 *Ga.* 361 (4) (182 S. E. 11); *Thompson* v. *State,* 191 *Ga.* 222 (6), 223 (11 S. E. 2d, 795). Tested by the rule just announced, the statement or admission which the accused made to the witness Geter concerning the death of Dora Mae Dupree amounted to a confession of guilt, no excuse or justification for the homicide having been given as a reason therefor

by the accused at the time of making it. Consequently, a charge on the law of confessions was not erroneous on the ground that it was unauthorized by the evidence.

(a) The motion to review and overrule *Nail* v. *State*, supra, is denied. The ruling there made upon the question here involved announces a correct principle of law, and is in accord with the holdings of this court in numerous full-bench decisions, prior and subsequent thereto.

3. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18121. ARGUED FEBRUARY 9, 1953—DECIDED FEBRUARY 24, 1953.

*Carlisle Cobb*, for plaintiff in error.

*D. M. Pollock, Solicitor-General, Eugene Cook, Attorney-General*, and *Rubye G. Jackson*, contra.