## 31596. BIRKS v. THE STATE.

INGRAM, Justice.

Appellant was convicted in the Clarke Superior Court of armed robbery and aggravated assault. He received a sentence of 20 years imprisonment on the armed robbery count and a sentence of 10 years to be served on probation for the aggravated assault conviction. We affirm after a review of appellant's enumerations of error in this appeal.

The evidence introduced by the state showed that during the evening hours of February 9, 1976, at approximately 8:30 p.m., the Weis Mini Cinema in Athens, Georgia, was robbed at gunpoint by a black male. The ticket saleslady, Ms. Julie Andress, testified that she had observed a black male loitering about the lobby. She stated that he was wearing a ski cap drawn over his eyebrows. During the second showing of the movie, he approached her at the ticket counter, asked for change, and started out the theater door. He then turned around with a short barreled pistol in his hand and instructed her to open the cash register. He took $62 and fled.

The projectionist at the theater was alerted and he gave chase to the fleeing robber. The area was dark and the projectionist could not positively identify the appellant as the person he was chasing. He did testify however, that the person he was chasing was wearing a ski cap. He abandoned the chase when a gun was fired at him by the person he was chasing down the street.

Appellant was arrested the day following the robbery. He was suffering from a leg burn at the time and was walking with a limp. His aunt, with whom he lived, testified that he had burned his leg severely on November 7, 1975, and was limping at the time of the robbery. Appellant was photographed at the time of his arrest. Ms. Andress identified appellant from eight photographs displayed by the Athens Police Department prior to trial and she made an in-court identification of appellant as the robber. A .22 caliber pistol was confiscated from the house of appellant's aunt. It was found underneath her mattress. An Athens police officer testified that this gun looked as though it had been recently fired, but the gun

was not sent to the state crime laboratory for scientific analysis. However, Ms. Andress identified the pistol as the one used by appellant during the commission of the armed robbery.

Appellant made an out-of-court statement to the police to explain that on the evening of the robbery he had been at a Mr. or Mrs. Burch's home and at the Lyndon House Recreation Center. Thereafter, according to his statements, he returned to his aunt's house before dark and stayed there for the remainder of the evening. Appellant did not testify at the trial but his statement was related to the jury by the police officer.

In his first enumeration of error, appellant contends that the trial court erred in denying his motion for directed verdict of acquittal on the aggravated assault charge as there was no evidence to support it. Code Ann. § 27-1802 (a). This enumeration of error is without merit. There was evidence from which the jury could, and did, find that appellant was guilty of aggravated assault. See *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973). See also *Cunningham v. State,* 235 Ga. 126, 127 (218 SE2d 854) (1975), and *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975).

In his second enumeration of error, appellant contends that the trial court erred in charging the jury on admissions or incriminating statements. Appellant told the police in his statement that he arrived at his aunt's house around dark on the night of the robbery. Appellant's aunt testified that he did not arrive at her house until 10:30 or 11:00 o'clock that night. In light of the fact that the robbery occurred around 8:30 p.m. that night, this variance was critical. In his statement, appellant explained his possession of $205.55 at the time of his arrest by stating that he received part of the money from his aunt and part from the proceeds of an insurance policy. His aunt testified that she had given him no more than a few dollars and, furthermore, she was unaware that he owned any insurance.

Appellant argues that the statements made by him to the police are not incriminatory admissions. He relies on cases which have held that charges on confessions, when not supported by the evidence, constitute

prejudicial error. See *Owens v. State,* 156 Ga. 835 (120 SE 413) (1923); *Thomas v. State,* 143 Ga. 268 (84 SE 587) (1915); *Riley v. State,* 1 Ga. App. 651 (57 SE 1031) (1907). These cases do not support appellant's contention in this case.

In this case, the trial judge charged the jury, in pertinent part, "I instruct you that an admission or an incriminating statement as applied to a criminal case is a statement by the defendant made out of court and in advance of trial of a fact or facts pertinent to the issue or tending in connection with other facts and circumstances to prove the guilt of the accused or to disprove some defense set up by the accused. Whether the defendant in this case did or did not make any admission or incriminating statement is a question of fact for you to determine."

The statements made by appellant were not incriminatory on their face. However, the jury was authorized to conclude that these statements became incriminatory when directly contradicted by his aunt, the only witness at trial who could corroborate them. See *Shellman v. State,* 157 Ga. 788, 792 (122 SE 205) (1924); *Fletcher v. State,* 90 Ga. 468 (3) (17 SE 100) (1892). We find no error.

In his third enumeration of error, appellant contends that the trial court erred in allowing the jury to determine the sentence to be imposed for the armed robbery conviction when the state had waived the death penalty.

After the verdict of guilty was rendered, the trial judge conducted a presentence hearing in the presence of the jury and instructed the jury, in pertinent part: "Although under the law of Georgia, the judge will fix the sentence, the determinations you will now make may affect the sentence which I will prescribe. Now, you can recommend mercy for the defendant, and if this should be your finding then the court is required to sentence the defendant to life imprisonment. If you do not determine to recommend mercy and thus require a life sentence, then you would simply return a verdict authorizing the judge to fix the sentence, and the judge would then sentence the defendant to imprisonment for a determinate period of time . . . which would not be less than one nor more than 20

years. Your verdict . . . will refer only to the offense of armed robbery because with respect to the aggravated assault I will impose the sentence for that offense, that being a non-capital offense." The jury recommended that the judge fix the sentence, which he set at 20 years.

The presentence hearing was conducted in accordance with Code Ann. § 27-2503 (b) which provides for presentence hearing before the jury in all cases tried by a jury in which the death penalty may be imposed. In cases in which the state has waived imposition of the death penalty, the appropriate procedure is for the trial judge to dismiss the jury and conduct a presentence hearing under Code Ann. § 27-2503 (a). *Jessen v. State,* 234 Ga. 791 (4) (218 SE2d 52) (1975); *Fleming v. State,* 236 Ga. 434 (224 SE2d 15) (1976).

The presentence hearing conducted by the judge in the present case was not in accordance with the applicable provisions of the Code. Since the state had waived the death penalty, the charge that the jury could recommend mercy and thus require a life sentence was also incorrect. However, appellant has failed to demonstrate how he was harmed by these errors. The jury recommended that the judge fix the sentence, which was the appropriate procedure under § 27-2503 (a). The judge did fix the sentence. We find the presentence procedural error harmless. Appellant was not precluded by this procedure, as he claims, from seeking a review of his sentence under Code Ann. § 27-2511.1 (a).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 2, 1976.

*Jack H. Affleck, Jr., John W. Timmons,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson,* for appellee.