## 34076. JOHNSON v. THE STATE.

NICHOLS, Chief Justice.

Johnson was tried and convicted for the murder of his estranged wife. He was sentenced to life imprisonment. He appeals. This court affirms.

His sister-in-law testified that she was listening in on an extension telephone one morning when he told his wife he was going to kill her. On the next afternoon he left work early, went to his parents' house and got a gun. He then went to a sporting goods store and purchased ammunition for the gun. Thereafter, he located his wife in a store's restaurant where she was sitting with her sister. After a short conversation, he asked her to go outside with him so they could talk privately. A short time later he returned to the front of the store where he asked the guard to call the police, saying that he had shot his wife. His defenses were accident and insanity. He testified that after he and his wife left the store together, they went to the parking lot and got into his truck to talk; that his wife told him she was not coming back to him and did not love him; that they had an argument and he threatened to shoot himself; and that the gun went off accidentally, shooting his wife.

1. He first contends that the trial court erred in charging the law of confession. The true determinant of whether the defendant has made a confession or merely has given a statement "is whether the statement is offered by the accused as exculpatory or inculpatory." *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974); *Gaines v. State,* 239 Ga. 98, 100 (236 SE2d 55) (1977). " 'A statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact.' " *Robinson v. State,* supra, at p. 126.

Johnson's statement is inculpatory despite the fact that it ends with the sentence, "I got the pistol . . . to kill myself." Those words are not legally sufficient to justify or excuse the crime. The statement was a confession because it admitted the main fact, the killing, without including facts or circumstances showing excuse or justification. The trial court did not err in charging the law of

confession.

2. He next contends that the trial court erred by allowing the victim's sister to testify that he told the victim over the telephone that "he was going to blow her brains out." The witness testified that using an extension telephone she had listened to the telephone conversation between Johnson and the victim at the victim's request; and that the conversation was normal in all respects except that it ended with the threat and with Johnson's hanging up the telephone.

This evidence tended to rebut Johnson's defenses of accident and was admissible to show intent, state of mind, plan or motive. *Davis v. State,* 233 Ga. 638 (212 SE2d 814) (1975); *Blake v. State,* 239 Ga. 292 (236 SE2d 637) (1977). The second enumeration of error is without merit.

3. There was no error in failing to charge that the state has the burden of proving sanity beyond a reasonable doubt. *State v. Avery,* 237 Ga. 865 (230 SE2d 301) (1976); *Durham v. State,* 239 Ga. 697 (238 SE2d 334) (1977); *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978).

4. Johnson's final contention is that since the magistrate ordered him bound over on a charge of voluntary manslaughter, the district attorney had no authority to present to the grand jury a charge of murder. Code § 59-304 provides: "Grand jurors are bound only to notice or make presentments of such offenses as may or shall come to their knowledge or observation after they shall have been sworn; nevertheless they have the right and power, and it is their duty as jurors to make presentments of any violations of the laws which they may know to have been committed at any previous time, which are not barred by the statute of limitations." Thus, the grand jury is not bound by the charge stated in the order of the magistrate binding the defendant over. Nor are they bound by the presentment of the district attorney. They must make a separate determination as to what offenses have been committed. This enumeration of error has no merit.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED OCTOBER 10, 1978 — DECIDED JANUARY 5, 1979.

*Calhoun, Cohen & Associates, George M. Hubbard,* for appellant.

*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

HILL, Justice, concurring.

In 1879, this court held that it was reversible error for the trial judge to charge the jury on the law as to *confessions* (now Code Ann. § 38-420) where the defendant had made only an *incriminating admission* which did not amount to a confession. *Dumas v. State,* 63 Ga. 600 (1879).

In the hundred years since *Dumas,* this court has been called upon to decide whether or not the defendant made a confession or merely an incriminating admission in over 50 opinions (see appendix), over one-third of which resulted in the granting of new trials. In the case before us, we have the question again.

The half-a-hundred cases referred to above do not include decisions of the Court of Appeals. If Court of Appeals decisions were included, the list undoubtedly would exceed 100 cases. This issue reached the Court of Appeals last year in *Secrist v. State,* 145 Ga. App. 391 (243 SE2d 599) (1978). In that case that court was unable to agree on whether the defendant's statement constituted a confession or simply an incriminating admission.

It would appear that a problem which arises this frequently would be capable of solution.

The Superior Court Judges' Charge Manual affords no help to the trial judges. The forms made available to the judges (Superior Court Judges' Charge Manual for use in Criminal Cases, pp. 61-64) require the trial judge to choose between using the word "statement" or "confession." However, having made that decision, the judge charges the jury the exact same thing in both instances. The only difference is in choosing the descriptive word "confession" or "statement." This decision as to the label to be used has resulted in 100

appellate decisions in as many years.

If the trial judges would avoid use of the word "confession" in questionable cases and instead use the word "admission" in each instance where they might otherwise use the word "confession" or "statement," this entire problem would vanish.

### APPENDIX

*Dumas v. State,* 63 Ga. 600 (1879); *Jones v. State,* 65 Ga. 147 (1880); *Covington v. State,* 79 Ga. 687 (7 SE 153) (1887); *Fletcher v. State,* 90 Ga. 468 (17 SE 100) (1892); *Nightengale v. State,* 94 Ga. 395 (21 SE 221) (1893); *Powell v. State,* 101 Ga. 9 (29 SE 309) (1897); *Lee v. State,* 102 Ga. 221 (29 SE 264) (1897); *Suddeth v. State,* 112 Ga. 407 (37 SE 747) (1900); *Davis v. State,* 114 Ga. 104 (39 SE 906) (1901); *Cleveland v. State,* 114 Ga. 110 (1) (39 SE 941) (1901); *Smith v. State,* 115 Ga. 586 (41 SE 984) (1902); *Simmons v. State,* 116 Ga. 583 (42 SE 779) (1902); *Owens v. State,* 120 Ga. 296 (48 SE 21) (1904); *Jones v. State,* 130 Ga. 274 (60 SE 840) (1908); *Weaver v. State,* 135 Ga. 317 (69 SE 488) (1910); *Roberson v. State,* 135 Ga. 654 (1) (70 SE 175) (1910); *Jones v. State,* 139 Ga. 104 (3) (76 SE 748) (1912); *Thomas v. State,* 143 Ga. 268 (84 SE 587) (1915); *Lucas v. State,* 146 Ga. 315 (9) (91 SE 72) (1916); *Thompson v. State,* 147 Ga. 745 (95 SE 292) (1918); *Benjamin v. State,* 150 Ga. 78 (1) (102 SE 427) (1919); *Harris v. State,* 152 Ga. 193 (108 SE 777) (1921); *Green v. State,* 154 Ga. 394 (1) (114 SE 361) (1922); *West v. State,* 155 Ga. 482 (117 SE 380) (1923); *Owens v. State,* 156 Ga. 835 (120 SE 413) (1923); *Shellman v. State,* 157 Ga. 788 (122 SE 205) (1924); *Minter v. State,* 158 Ga. 127 (123 SE 23) (1924); *Edwards v. State,* 159 Ga. 419 (126 SE 16) (1924); *King v. State,* 163 Ga. 313 (136 SE 154) (1926); *Rawlings v. State,* 163 Ga. 406 (136 SE 448) (1926); *Tanner v. State,* 164 Ga. 490 (139 SE 5) (1927); *Clarke v. State,* 165 Ga. 326 (140 SE 889) (1927); *McCloud v. State,* 166 Ga. 436 (143 SE 558) (1928); *Brown v. State,* 168 Ga. 282 (147 SE 519) (1929); *Powers v. State,* 172 Ga. 1 (157 SE 195) (1930); *Wright v. State,* 186 Ga. 863 (1) (199 SE 209) (1938); *Allen v. State,* 187 Ga. 178 (3) (200 SE 109) (1938); *Daniel v. State,* 187 Ga. 411

(1 SE2d 6) (1939); *Sheffield v. State,* 188 Ga. 1 (2 SE2d 657) (1939); *Coates v. State,* 192 Ga. 130 (15 SE2d 240) (1941); *Pressley v. State,* 201 Ga. 267 (39 SE2d 478) (1946); *Montgomery v. State,* 202 Ga. 678 (44 SE2d 242) (1947); *Johnson v. State,* 204 Ga. 528 (50 SE2d 334) (1948); *Hobbs v. State,* 206 Ga. 94 (55 SE2d 610) (1949); *Harris v. State,* 207 Ga. 287 (61 SE2d 135) (1950); *Patrick v. State,* 209 Ga. 645 (74 SE2d 848) (1953); *Green v. State,* 210 Ga. 745 (82 SE2d 703) (1954); *Fields v. State,* 211 Ga. 335 (85 SE2d 753) (1955); *Weatherby v. State,* 213 Ga. 188 (2) (97 SE2d 698) (1957); *Edwards v. State,* 213 Ga. 552 (100 SE2d 172) (1957); *Bloodworth v. State,* 216 Ga. 572 (118 SE2d 374) (1961); *Jackson v. State,* 225 Ga. 553 (170 SE2d 281) (1969); *Robinson v. State,* 232 Ga. 123 (205 SE2d 210) (1974); *Bonds v. State,* 232 Ga. 694 (208 SE2d 561) (1974); *Davis v. State,* 234 Ga. 730 (218 SE2d 20) (1975); *Birks v. State,* 237 Ga. 861 (230 SE2d 294) (1976); *Gaines v. State,* 239 Ga. 98, 100 (236 SE2d 55) (1977).