A10A1131. HOLMES v. THE STATE.
(703 SE2d 115)

BARNES, Presiding Judge.

Willie Earl Holmes appeals from the denial of his motion to correct an illegal sentence. For reasons that follow, we affirm.

Holmes pled guilty in May 2009 to making terroristic threats and received a sentence of five years imprisonment. Approximately four months later, Holmes moved to "correct" the sentence, arguing that it was void.[1] He noted that he was initially arrested for making terroristic threats against a woman named Sharon Crawford, but

---

[1] Holmes also moved to correct his conviction as "void." As recently held by our Supreme

indicted for making threats against a man named Edwin Brown. Asserting that he actually pled guilty to threatening Crawford, Holmes argued that he was illegally sentenced for a crime other than the indicted offense. The trial court denied the motion, and this pro se appeal followed.[2]

We find no error. As an initial matter, the grand jury that indicted Holmes was not bound by the arrest warrant allegations. See *Johnson v. State*, 242 Ga. 822, 823 (4) (251 SE2d 563) (1979); OCGA § 15-12-74 (grand jury may indict for any crime of which it becomes aware). It was authorized to indict Holmes for making terroristic threats against Brown, despite the original focus on Crawford.[3] *Johnson*, supra. Moreover, Holmes has offered no proof that he pled guilty to a terroristic threats offense other than that alleged in the indictment. Although the record does not contain a transcript from the guilty plea hearing, the sentencing sheet indicates that Holmes entered his plea to terroristic threats in Case Number 09-121, the case number associated with his indictment. And the face of the indictment shows that he pled guilty to the indicted count involving Brown.

Holmes has not demonstrated that the sentence he received following his terroristic threats conviction was void, illegal, or in need of correction. The trial court, therefore, properly denied his motion.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010.

Willie E. Holmes, *pro se.*
*Thomas C. Earnest, District Attorney*, for appellee.

---

Court, however, a motion to modify or correct a "void" conviction is not an appropriate remedy in a criminal case. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). In contrast, a trial court has jurisdiction to correct or modify a sentence within one year of the date upon which the sentence was imposed. OCGA § 17-10-1 (f).

[2] Although Holmes asked the trial court to appoint counsel for him, he is not entitled to appointed counsel at this point. See *Rooney v. State*, 287 Ga. 1, 7 (4) (690 SE2d 804) (2010) (indigent defendant who files a motion to correct void sentence is not entitled to appointed counsel to pursue the motion or an appeal regarding the motion).

[3] Crawford is not completely absent from the indictment. In addition to the terroristic threats count involving Brown, the grand jury indicted Holmes for simple battery against Crawford. That charge, however, was nolle prossed as part of Holmes's negotiated guilty plea to terroristic threats.