23734. TEAGUE *v.* THE STATE.

BROYLES, C. J. 1. "Proof of an inculpatory admission will not authorize a charge upon the subject of confessions. 'There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not.' A confession is a voluntary admission of *guilt;* an admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged and not amounting to a confession of guilt." *Riley* v. *State,* 1 *Ga. App.* 651 (3) (57 S. E. 1031); *Easterling* v. *State,* 24 *Ga. App.* 424 (100 S. E. 727), and cit.

2. The defendant in this case was convicted of operating an automobile upon a designated public road while he was under the influence of intoxicating liquors. The evidence as to his intoxication, while driving the car upon the road named in the indictment, was in sharp conflict and was largely, if not wholly, circumstantial. A witness for the State testified as to certain incriminatory admissions made by the accused, but such admissions, as set forth in the transcript of the record, did not amount to an admission of his guilt of the offense charged, and the court erred in charging upon the subject of confessions.

3. In view of the facts of the case it was also error for the court to refuse the timely presented and appropriate written request to instruct the jury upon the law of circumstantial evidence.
4. Under the foregoing rulings the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 10, 1934.

*Fariss & Langford,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.